# Phillips Gas and Oil Company, Appellant, v. Pittsburg Plate Glass Company.

213
f 36 SC 183
504

*Evidence—Written instrument—Parol evidence—Contemporaneous parol agreement—Oil and gas lease.*

An attempt to use an oil and gas lease in direct violation of a contemporaneous parol agreement made at the time of the execution of the lease, is a fraud, and parol evidence is admissible to establish the contemporaneous agreement. In such a case evidence of prior conversations and transactions is admissible as corroborative of the testimony adduced to show the contemporaneous parol agreement.

Argued Oct. 11, 1905. Appeal, No. 179, Oct. T., 1905, by plaintiff, from judgment of C. P. Armstrong Co., June T., 1905, No. 81, on verdict for defendant in case of T. W. Phillips Gas and Oil Company v. The Pittsburg Plate Glass Company and J. B. Barker. Before MITCHELL, C. J., FELL, MESTREZAT, POTTER, ELKIN and STEWART, JJ. Affirmed.

Ejectment for land in Valley township. Before PATTON, P. J.

The facts are stated in the opinion of the Supreme Court.

At the trial the evidence of J. B. Barker was, inter alia, as follows:

" Q. When did Mr. Woll first come to your house? A. He came there the evening of March 15, 1904. Q. Who were present? A. Why, my family. Q. What did Mr. Woll say; give us the total conversation there as it took place?"

Plaintiff's counsel objects to the question because it is not set up in the pleadings.

The Court: We will hear the testimony and decide it after-

wards; the objection is overruled and a bill of exceptions is sealed to the plaintiff. [1]

Defendant offered the following:

" Know all men by these presents, that I, Joseph B. Barker, grantor and lessor in a certain article of agreement entered into with Samuel Runyon of the second part, dated January 19, 1900, covering all oil and gas rights in a certain tract of land in Valley township, Armstrong county, Pa., bounded on the north by James Schaeffer, on the east by D. J. Zimmerman, on the south by Charles Colwell and R. Adams, and on the west by W. W. Egley, containing sixty-three acres, more or less, which agreement has since been assigned to The Pittsburg Plate Glass Company, and the term of which lease as provided herein, to-wit: Three years and as much longer as oil and gas is found in paying quantities or the rental is paid thereon, do hereby agree to and with the said Pittsburg Plate Glass Company, assignee as aforesaid, who have heretofore and at the present time are paying the said rental, that the term of said lease shall be fixed as of twenty years from the date of said lease, and shall not exceed said twenty years, all provisions, stipulations, rights to surrender, rentals, royalties and times of payments to continue as fixed in said lease.  The purpose of this agreement is to fix a definite term to said lease and to provide for the time of the expiration of said lease or agreement, subject to all rights of said lessee to surrender as aforesaid.

" Witness my hand and seal this 8th day of April, A. D. 1904.

" J. G. SHEARER."               " J. B. BARKER.   (Seal)

Plaintiff's counsel object it purporting to be an extension of the lease dated April 18, 1904, when plaintiff's lease is dated March 16, 1904.

The Court : We will receive it for the present, the objection is overruled and a bill of exceptions is sealed to plaintiff. [2]

The testimony of B. J. Barker, was, inter alia, as follows :

" Q.  You are a son of J. B. Barker?  A. Yes, sir.  Q. Were you at home this night Mr. Woll called there ?  A. Yes, sir. Q. Give the jury the conversation that occurred there ; begin with what Mr. Woll said, give the full conversation ? "

Plaintiff's counsel objects to this as something which took

place, not at the making of the lease, but before the making of the lease.

The Court: We will hear that conversation ; for the present the objection is overruled and a bill of exceptions is sealed to plaintiff. [3]

" A. Mr. Woll came there on the evening of March 15, 1904, and he wanted to get a lease for that fifteen acres ; my father told him that he could not lease it, that the Pittsburg Plate Glass Company had a lease on it. He asked him then to see the lease with the Pittsburg Plate Glass Company. I went and got a copy of that lease and I showed it to him and he read it."

The court charged in part as follows :

[But if you believe that in obtaining that written lease Mr. Woll perpetrated a fraud on Mr. Barker, that is, if he made a contemporaneous parol agreement, and on the faith of such agreement Mr. Barker acted, and would not have acted unless it had been made, if by that kind of a declaration on the part of Mr. Woll, and the agreement of Mr. Woll, that if the Pittsburg Plate Glass Company would go into possession of this property that then he would return the lease, Mr. Barker was induced to sign this lease, then Mr. Woll had no right to put that lease on record.] [4]

Plaintiff presented these points :

2. That the pleadings in this case on the part of the defendants are not such as would authorize them to offer proof of a contemporaneous parol contract, changing and varying the written contract, under which plaintiff claims title, nor is the proof in the case such as would justify a chancellor, or justify a jury, in setting aside or varying or changing the written contract. *Answer :* Refused. The facts are for the jury. [5]

3. Under all the pleadings and evidence in this case the verdict of the jury should be for the plaintiff. *Answer :* Refused with leave to renew this question under act No. 198 of 1905. [6]

Defendant presented this point :

2. If the jury find that the plaintiff procured the lease offered by them under a parol contemporaneous agreement that it would be returned to Barker in case the defendant claimed the premises in suit under its lease, and that the defendant

claimed the premises, then the refusal of the plaintiff to return the lease and the attempt to use it for the purpose of maintaining title is a fraud upon the defendant, and the plaintiff would not be entitled to recover. *Answer :* Affirmed. [7]

Verdict and judgment for defendant. Plaintiff appealed.

*Errors assigned* were (1–3) rulings on evidence, quoting the bill of exceptions ; (4–7) above instructions, quoting them.

*Clarence Walker,* with him *J. W. Lee, Eugene Mackey* and *Ross Reynolds,* for appellant.—The pleadings must allege, and the evidence establish, that the written instrument was signed on the strength of the alleged contemporaneous parol agreement, that is, that the alleged contemporaneous parol agreement was the inducement for the signing of the written instrument, and without it the written instrument would not have been signed : Phillips v. Meily, 106 Pa 536 ; Kaufmann v. Friday, 201 Pa. 178 ; Martin v. Berens, 67 Pa. 459 ; Callan v. Lukens, 89 Pa. 134 ; Lippincott v. Whitman, 83 Pa. 244 ; The Commonwealth Title, etc., Co. v. Folz, 19 Pa. Superior Ct. 28.

*Orr Buffington* and *S. F. Bowser,* with them *O. W. Gilpin* and *Rush Fullerton,* for appellees.—The evidence of previous conversations was admissible under the circumstances : Honesdale Glass Co. v. Storms, 125 Pa. 268 ; Rinesmith v. Railway Co., 90 Pa. 262 ; Renshaw v. Gans, 7 Pa. 117 ; Juniata B. & L. Assn. v. Hetzel, 103 Pa. 507 ; Commonwealth v. Julius, 173 Pa. 322 ; Bartley v. Phillips, 179 Pa. 175 ; Atherholt v. Hughes, 209 Pa. 156.

Where an attempt is made to use a written instrument in violation of an oral agreement, contemporaneous with its execution, a legal delinquency attaches to the attempted abuse of the writing, sufficient to subject it to the influence of oral evidence : Rearich v. Swinehart, 11 Pa. 233 ; Chalfant v. Williams, 35 Pa. 212 ; Horn v. Brooks, 61 Pa. 407 ; Davidson v. Young, 167 Pa. 265 ; Williams v. Kerr, 152 Pa. 560.

OPINION BY MR. JUSTICE MESTREZAT, January 2, 1906 :

This is an action of ejectment to recover possession of a tract of land in Armstrong county for oil and gas purposes. Both

defendants filed an answer and abstract of title under the Act of May 8, 1901, P. L. 142.   The answer of the defendant company, and in this respect the answer of the defendant Barker, is substantially the same, avers, inter alia, as follows : " that contemporaneously with the execution and delivery of the alleged lease of Barker to plaintiff's alleged assignor and as part of the alleged contract, T. W. Phillips Sons & Company entered into a parol contract with said Barker whereby said partnership accepted the said alleged lease, subject to the existence and continuance of respondent's lease and whereby said partnership agreed to at once return said alleged lease to Barker and cancel the same and that the same should thereupon and ipso facto be and become null and void in the event of the respondent's claiming or continuing to claim title under its said lease or upon its proceeding to operate the same.   Respondent avers that immediately thereafter it claimed exclusive title to the premises for oil and gas purposes and immediately proceeded to and did drill a well producing natural gas in paying quantities, and that the said firm thereupon violated said parol contract, refused to return said alleged lease, refused to cancel the same and treat it as null and void as they had obligated themselves so to do."

The correctness of this averment was the issue in the case.

If it was true, and the jury so found, the plaintiff company's lease had no validity and the company was not entitled to the possession of the premises in controversy.   Whether the Plate Glass Company's lease, assigned to it by Runyon, was still legally in force and effective against Barker was immaterial in this issue.   It would be important in a contest between that company and Barker for the possession of the premises, but not here, where the plaintiff company relies upon a lease from Barker to sustain its right to drill and operate for oil and gas on the land.   If Barker chose to continue the Runyon lease, as his receipts of the rentals conclusively show he did, although it may, by its terms, have expired, he could do so, and if the Phillips company took a subsequent lease, which was, by a contemporaneous agreement, to be null and void in the event of the plate glass company " claiming or continuing to claim title under its said lease or upon its proceeding to operate the same," then the attempt of the Phillips company to assert the validity

of its lease in direct opposition to this agreement is a fraud upon Barker which he and those claiming under him with his consent may successfully resist.

That the defendants could set up as a defense to this action the parol agreement made contemporaneously with the plaintiff's written lease of March 16, 1904, is clear under all our cases. If the plaintiff company refused to surrender the lease for cancellation in violation of its parol agreement and asserted its right to the possession of the premises by virtue of the instrument, it was a fraud upon Barker, the lessor, and an attempt to make a fraudulent use of the lease. Parol evidence will be received in such cases to defeat the fraud. In Rearich v. Swinehart, 11 Pa. 233, it was held that when an attempt is made to use a written instrument in violation of an agreement accompanying its execution, to which attempt no moral guilt can be imputed, a legal delinquency attaches to the attempted abuse of the writing, sufficient to subject it to the influence of oral evidence. The case of Davidson v. Young, 167 Pa. 265, was an issue between the obligee and obligor of a bond in which a contemporaneous parol agreement was set up as a defense. It was there held that the trial court committed no error in charging the jury that if the parties entered into that arrangement, although there was no fraud, accident or mistake, and the obligee afterwards undertook to use the bond for a purpose that was not contemplated, and contrary to the agreement of the parties at the time the bond was executed, that the obligor would be entitled to recover, for such use of the bond would be a fraud. In Honesdale Glass Co. v. Storms, 125 Pa. 268, Mr. Justice GREEN, delivering the opinion of the court, says (p. 278) : " In that aspect of the case (setting up a written contract in violation of a parol promise) it comes within the very numerous decisions of this court which hold substantially that when the execution of an instrument has been obtained by means of a fraud, or where there has been an attempt to make a fraudulent use of the instrument, in violation of a promise or agreement made at the time the instrument was signed and without which it would not have been executed, parol evidence may be given to prove the fraud, though it contradict the written instrument." Many decisions of this court are cited in the opinion to sustain the principle.

The assignments alleging error in admitting the testimony of certain witnesses cannot be sustained. The testimony was not received for the purpose of establishing an agreement prior to the date of the execution of the Phillips lease, but as corroborative of the testimony adduced to show the parol agreement between the parties made contemporaneously with the written lease. For this purpose it was competent: Rinesmith v. Peoples' Freight Railway Company, 90 Pa. 262; Pyroleum Appliance Co. v. Williamsport Hardware, etc., Co., 169 Pa. 440; Hinchcliffe v. Koontz (Ind.), 16 Am. St. Rep. 403.

The judgment is affirmed.