## El Dorado Jewelry Company, Appellant, v. Hopkins.

*Contract—Evidence—Parol contract—Inducement—Fraud—Written instrument.*

When a party is inveigled into signing a written contract upon the faith of a contemporaneous agreement which is violated as soon as it has accomplished its purpose in securing the execution of the paper, such oral agreement may always be shown when the enforcement of the paper is attempted.

In an action for goods sold and delivered under an alleged written contract, an affidavit of defense is sufficient which avers that at the time the writing was signed defendant refused to buy the goods, that plaintiff's agent thereupon falsely and fraudulently represented to defendant that the writing would be held merely as a memorandum of goods to be placed on sale in defendant's store to be sold by him as an agent, and that it would not be enforced according to its terms, and which further avers that defendant would not have signed the paper except upon the inducement of the parol agreement.

Argued May 7, 1907. Appeal, No. 88, April T., 1907, by defendants, from order of C. P. Jefferson Co., Aug. T., 1905,

No. 313, discharging rule for judgment for want of a sufficient affidavit of defense in case of El Dorado Jewelry Co. v. Jacoby Hopkins. Before RICE, P. J., PORTER, HENDERSON, MORRISON, ORLADY, HEAD and BEAVER, JJ. Affirmed.

Assumpsit for goods sold and delivered.

The affidavit of defense was as follows :

1. On August 13, 1904, the plaintiff company by its agent, F. J. Bunnell, called upon deponent at his place of business at Knoxdale, Jefferson county, Pa., and then and there endeavored to persuade deponent to purchase and order from plaintiff the jewelry mentioned in the "two hundred dollar order," a copy of which plaintiff has filed in this case, upon the terms and conditions printed in said order ; the deponent informed the plaintiff's agent, then and there, that he would not purchase said jewelry upon the terms and conditions set forth in the said "order; " that he (deponent) could not sell such jewelry in that community, and that he did not desire to purchase what he could not sell. The plaintiff, by and through its agent, in order to induce deponent to sign said order, made the following proposition, viz. : That the plaintiff company should forward to deponent the jewelry mentioned in the printed order ; that deponent should sell such of it as he could ; that plaintiff's agent should call upon deponent at his place of business, three or four times a year, collect the amount of sales, less $33\frac{1}{3}$ per cent commission, exchange such goods as did not prove salable, and at the end of the year take away all jewelry then remaining on hand and unsold, or, at deponent's option, sell him such goods as might remain at a discount of $33\frac{1}{3}$ per cent off the list price.

Even then the deponent objected to signing the order mentioned, but the plaintiff, by its agent, assured him that the signing of the order was merely a formality, and that the contract would be carried out by plaintiff in accordance with the parol agreement above mentioned, whereupon deponent, being induced thereto by the parol promises, undertakings and agreements above set forth, signed said order.

Deponent further declares that he would not, under any circumstances, have signed said order or purchased or received said jewelry, save and except upon the conditions

mentioned in the parol undertakings and agreements made by plaintiff company at the time of the signing said order.

The deponent further says that he received the jewelry mentioned, made sales of a part thereof, and was, and is, ready and willing to account for the proceeds of said sales, less $33\frac{1}{3}$ per cent, whenever the plaintiff company will call upon him at his place of business, at Knoxdale, Pa., and is ready and willing, and was ready and willing at the expiration of the year mentioned in said parol agreement, to turn over to the plaintiff all jewelry remaining unsold; the deponent further declares that he has, in all respects, performed his part of the said agreement, but declares that the plaintiff has failed, neglected and refused to perform and keep its part thereof, in that it did not call upon deponent at the times mentioned for payment; that it did not take away unsalable jewelry and replace the same with articles readily salable; that it did not take away the jewelry remaining unsold at the end of the year, but on the contrary has violated its part of said contract in the particulars above mentioned.

Wherefore deponent says that he owes plaintiff nothing, save as set forth above, and that plaintiff is not entitled to recover its said claim, or any part thereof, in this action.

*Error assigned* was the order of the court.

*W. N. Conrad*, for appellant.—The affidavit was insufficient: Blue Label Safety Squib Co. v. Marsh, 15 Pa. Dist. Rep. 95; Thomas v. Loose, 114 Pa. 35; Appleby v. Barrett, 28 Pa. Superior Ct. 349; Clarke v. Allen, 132 Pa. 40; Krueger v. Nicola, 205 Pa. 38; Wodock v. Robinson, 148 Pa. 503; Cullmans v. Lindsay, 114 Pa. 166; Juniata Bldg. & Loan Assn. v. Hetzel, 103 Pa. 507; Fidelity & Casualty Co. v. Harder, 212 Pa. 96.

*C. Z. Gordon*, for appellee.—Parol evidence is admissible to show a verbal contemporaneous agreement, which induced the execution of the written agreement, though it may have the effect of varying or changing the terms of the written contract: Bown v. Morange, 108 Pa. 69; Miller v. Henderson, 10 S. & R. 290; Greenawalt v. Kohne, 85 Pa. 369; Barclay v.

Wainwright, 86 Pa. 191; Whitney v. Shippen, 89 Pa. 22; Hoopes v. Beale, 90 Pa. 82; Keough v. Leslie, 92 Pa. 424; Hartley's Appeal, 103 Pa. 23; Juniata Bldg. & Loan Assn. v. Hetzel, 103 Pa. 507.

OPINION BY HEAD, J., October 7, 1907:

As our courts have, from the earliest days, administered relief, equitable in character, in our common-law forms of action, it is not surprising that we have long lines of decisions defining the conditions under which parol evidence may be offered, to attack a written instrument and the standards, as to quantity and quality, to which that evidence must measure up if the attack is to be successful. Nor is it strange that, in a commercial age, when the number of our business transactions is equalled only by their variety, complexity and magnitude, fraud and covin, the parasites peculiar to such conditions, should assume forms as varying as the affairs out of which they develop. Hence we may agree with the learned court below, that it is sometimes difficult to so interpret the many precedents and apply them to the facts of each new case as it arises, as to preserve that harmony which contributes so greatly to precision and accuracy of judgment.

But the correct solution of the narrow question now before us does not, in our opinion, demand any extensive review of the cases or discussion of troublesome problems because it can be reached by the application of a few principles, the controlling force of which can hardly be gainsaid.

This appeal comes from the order of the court below discharging a rule for judgment for want of a sufficient affidavit of defense in an action of assumpsit for the price of goods alleged to have been sold and delivered by the plaintiff to the defendant. The action is founded on a written or printed order signed by the defendant and accepted by the plaintiff, according to the terms of which the price therein named had become due and payable before the suit was brought. The defendant, not denying that he signed the paper, avers that he never entered or intended to enter into the contract therein shown. That he positively refused to buy the plaintiff's goods, but did agree to accept an agency for their sale on the terms and conditions he sets up. That the plaintiff's agent secured

his signature to the order by falsely and fraudulently representing that it would be received and held merely as a memorandum of goods to be placed on sale in his store and that no attempt would be made to use it to enforce payment in accordance with its terms.   In other words, the affidavit sets up that the execution of the alleged written contract was procured by a fraud and that the use now sought to be made of it is in flat violation of the plaintiff's promise to the contrary upon the faith of which the defendant attached his signature to the paper.

At this stage of the case all of these averments of fact must be regarded as having been conclusively established by abundant and satisfactory testimony.   We are thus relieved of any consideration of the many cases cited in appellant's brief which deal with the nature and extent of the evidence that must be produced in order to affect or modify a written contract by a contemporaneous one in parol.   Can there be any doubt then that a party should be heard in defending against the enforcement of a written contract when it is established that its execution was procured by false representations and that such use of it was in violation of a promise to the contrary on the faith of which it was signed?   The answer to this question is clearly stated by PORTER, J., in American Harrow Co. v. Swoope, 16 Pa. Superior Ct. 451, in this language: " When a party is thus inveigled into signing a written contract upon the faith of a contemporaneous agreement, which is violated as soon as it has accomplished its purpose in securing the execution of the paper, that oral agreement may always be shown when the enforcement of the paper is attempted."

As the authorities supporting the principle thus stated are collated and cited in that case, and as it is practically " on all fours " with the present one, further comment here would be useless.

Appeal dismissed at the costs of the plaintiff, but without prejudice, etc.