# El Dorado Jewelry Company, Appellant, *v*. Hartung.

*Contract—Sale—Order—Parol evidence—Fraud.*

In an action to recover for goods alleged to have been sold and delivered on an order, a verdict and judgment for defendant will be sustained, where the defendant and his wife testify that the agent of the plaintiff represented and declared as an inducement to the defendant to sign the order, that it was to be a memorandum to show where the goods were placed; that the transaction was not to be a sale, but that the defendant was to sell the goods on commission; and that the title was to remain in the plaintiff in accordance with a method of doing business adopted by it.

Argued Feb. 25, 1908. Appeal, No. 5, March T., 1908, by plaintiff, from judgment of C. P. Sullivan Co., Feb. T., 1905, No. 46, on verdict for defendant in case of El Dorado Jewelry Company, formerly Elgin Jewelry Co. v. August Hartung. Before RICE, P. J., PORTER, HENDERSON, MORRISON, ORLADY and HEAD, JJ. Affirmed.

Assumpsit to recover for goods alleged to have been sold and delivered on an order. Before TERRY, P. J.

The opinion of the Superior Court states the case.

*Errors assigned* were various rulings on evidence and instructions.

*E. J. Mullen,* for appellant.

*J. G. Scouton,* for appellee.

OPINION BY HENDERSON, J., July 15, 1908:

The verdict of the jury establishes the fact that the defendant was induced to sign the paper upon which the action is brought by false representations made by the plaintiff's agent and that the use now sought to be made of the paper is in violation of an agreement made with the defendant on the faith of which the signature of the latter was obtained. This conclusion of the jury is supported by evidence well calculated to lead to such a result. According to this evidence the agent represented and declared as an inducement to the defendant to sign the order that it was to be a memorandum to show where the goods were placed; that the transaction was not to be a sale, but that the defendant was to sell the goods on commission and that the title was to remain in the plaintiff in accordance with a method of doing business adopted by it. The plaintiff's narration of the transaction is corroborated by the testimony of his wife and the court was justified in submitting this evidence to the jury. We need not review the authorities on this subject. They were well considered by the learned judge of the court below in disposing of the rule for a new trial. The subject was discussed by our Brother HEAD, in a clear opinion in El Dorado Jewelry Co. v. Hopkins, 34 Pa. Superior Ct. 446. That was an appeal from a judgment of the court of common pleas discharging a rule for judgment for want of a sufficient affidavit of defense in which the present appellant was the plaintiff and the same agent acted for it. The cases are so nearly identical in the character of the facts that the case referred to must be considered conclusive of that now before us.

The judgment is affirmed.