## Birge, Appellant, *v.* Armour.

*Guaranty—Payment for goods—Delivery of goods—Consideration.*

In an action on a written guaranty for the payment of a bill of goods sold by the plaintiffs to another person on a date prior to the date of the guaranty, the plaintiffs must show not only a delivery of the goods in the manner stipulated for by the guarantors, but also some consideration moving to the guarantors.

In such a case an affidavit of defense is sufficient which avers that the defendants at first refused to sign the guaranty, and only did so upon the express stipulation that the goods should be delivered to themselves to be used in a particular building operation, and that the plaintiffs had not performed this stipulation, but had delivered the goods to the person for whom the guaranty had been made, and that the goods had been used by such person in another and entirely different building operation.

Argued Oct. 9, 1908.    Appeal, No. 87, Oct. T., 1908, by plaintiffs, from order of C. P. No. 3, Phila. Co., June T., 1907, No. 1,321, discharging rule for judgment for want of a sufficient affidavit of defense in case of M. H. Birge & Son Company v. Harry M. Armour and George Clark.    Before RICE, P. J., PORTER, HENDERSON, MORRISON, ORLADY, HEAD and BEAVER, JJ.

Assumpsit on a guaranty.

Rule for judgment for want of a sufficient affidavit of defense.

The facts are stated in the opinion of the Superior Court.

*Error assigned* was the order of the court discharging rule for judgment for want of a sufficient affidavit of defense.

*H. B. Patton*, of *Staake & Patton*, for appellant.

*H. R. Kneass*, for appellees.

OPINION BY MORRISON, J., November 00, 1908:

The plaintiff bases its right to recover for goods sold and delivered to W. J. Barrett on a writing signed by defendants of which the following is a copy:

"PHILA. PA.

"May 21, 1906.

"We the undersigned hereby agree and guarantee to The M. H. Birge & Sons Co., Buffalo, N. Y., the payment of their bill against W. J. Barrett, 1492 N. 52nd St., for goods bought May 18th, 1906, on regular wall paper terms, namely four months from the date of shipment, net, to the amount of One thousand and fifty dollars. $1050.

"GEORGE CLARK,

"HARRY M. ARMOUR.

"Witness:

"W. F. Keleher,

"W. J. Barrett."

This paper, on its face, purports to be a guarantee by the defendants of the payment of a bill of wall paper amounting to $1,050, bought by W. J. Barrett from the plaintiff, May 18, 1906. This writing is not under seal, states no consideration and imports none. As it was made and delivered on May 21, 1906, to secure the payment of a debt contracted by Barrett three days prior to that date, it seems very clear that the plaintiff must, to recover against the defendants, aver and prove a delivery of the goods to Barrett and also some consideration or benefit moving to the defendants, and failing in this, the action against the defendants would fall.

The appellant's declaration contains a copy of the paper of May 21, 1906, and an averment that "the plaintiff would not make a sale and delivery of the goods unless it had surety for

the payment of the purchase price of the said goods, and that, thereupon, the said Barrett brought the defendants, Harry M. Armour and George Clark, to the plaintiff, and that the said defendants signed the following suretyship agreement:" Here follows in the declaration a copy of the paper of May 21, 1906.

To support a summary judgment, for want of a sufficient affidavit of defense, it must, in our opinion, clearly appear that the affidavit of defense does not sufficiently deny the above averments. In our opinion, the following, quoted from the affidavit of defense, is sufficient to carry the case to a jury:

"The deponents admit the signing of the said agreement of May 21, 1906, but aver that the same was signed by them under the following circumstances:

"That deponents were, on the 21st day of May, 1906, at the signing of said agreement, engaged in a building operation consisting of the erection and construction of a number of houses at 52d and Chester Avenue, in the City of Philadelphia, and in pursuance of such operation, had entered in a contract with one the said William J. Barrett to do the paper hanging in said houses, the said paper to be furnished to him by the said plaintiffs, the same having been secured and required by deponents of the said Barrett as supplied by the said plaintiffs.

"That the said plaintiffs asked deponents to become guarantee or responsible for the payment of the said merchandise to be furnished by the said plaintiffs to the said Barrett, for the paper hanging of the said houses of the said defendants, and plaintiffs requested them to sign the said guarantee mentioned in plaintiffs statement of claim, but deponents refused to do so. Thereupon the said plaintiffs assumed, agreed, promised and stipulated to and with deponents, that if they would sign the said guarantee they the said plaintiffs would make it their business and duty to see that the said merchandise aforesaid was delivered to and for the deponents, and placed in their actual possession, for their use only, in paper hanging the houses on their operation at 52d and Chester Avenue, in said City of Philadelphia.

"Deponents further aver that in consequence of said agreement, promise and stipulation of the said plaintiffs made with

deponents at the time of signing said agreement, deponents agreed to and did sign said agreement as set forth in plaintiffs statement filed in this case.

"Deponents further aver, that after the signing of said agreement the plaintiffs in violation of their contract, agreement, promise, and stipulation made with deponents, and in fraud of deponents rights in the premises, did not deliver said paper to and for the deponents, and place in their actual possession for their use only, in paper-hanging the houses on their operation at 52d and Chester Avenue in said City of Philadelphia, and same was never, at any time delivered there, to or for said operation, in consequence whereof, deponents submit that they are not liable to pay the said plaintiffs anything upon said agreement of May 21, 1906.

"Deponents further aver, that the said plaintiffs in fraud of deponents rights in the premises, delivered the said merchandise, aforesaid, at 52d and Lancaster Avenue, to the said Barrett, in the county aforesaid, and. the same was used exclusively upon another building operation, by the said Barrett, without deponents knowledge or consent, and wherein deponents had no interest whatsoever."

In reference to an affidavit of defense, we said in El Dorado Jewelry Co. v. Hopkins, 34 Pa. Superior Ct. 446: "At this stage of the case all of these averments of fact must be regarded as having been conclusively established by abundant and satisfactory testimony." And this is only the statement of a well settled rule of law as to affidavits of defense.

The elaborate and able argument of the learned counsel for appellant has not convinced us that the learned court below erred in discharging plaintiff's rule for judgment for want of a sufficient affidavit of defense.

Appeal dismissed at the costs of the plaintiff, but without prejudice, etc.