# Hotaling, Appellant, *v.* Fisher.

*Judgments — Opening judgments — Unsupported oath — Clear weight of the evidence—Written contract—Contemporaneous parol agreement.*

As a general rule the court will not open a judgment on the unsupported oath of the defendant, where the testimony of the plaintiff is directly contradictory. But where there is corroboration, or where there are circumstances on which corroborative inferences may be drawn in favor of the defendant, the court will ordinarily open the judgment and submit the question in dispute to a jury.

On a petition to open judgment averring a parol contemporaneous agreement as one of the inducements to the signing of a judgment note, the effect of granting the petition is not to permit the defendant to contradict the terms of a written instrument, but to prove by parol evidence the existence of the agreement and the circumstances under which it was made.

Where a judgment note was given in the purchase of an automobile and the petition averred that there was a parol agreement to the effect that the car could be returned if it did not prove satisfactory, it was proper to open the judgment and let the defendant into a defense.

*Evidence—Written contract—Parol agreement—Preceding negotiations—Evidence—Admissibility.*

Under such circumstances, testimony of conversations which took place the night before the note was signed and were part of the negotiations, is relevant to show the conditions under which the purchase was to be concluded.

Argued April 11, 1922. Appeal, No. 109, April T., 1922, by plaintiff, from order and decree of C. P. Clarion Co., May T., 1920, E. D. No. 5, opening the judgment in the case of George Hotaling v. W. H. Fisher. Before ORLADY, P. J., PORTER, HENDERSON, TREXLER, KELLER and LINN, JJ. Affirmed.

Rule to open judgment confessed by warrant of attorney. Before SLOAN, P. J.

The facts are stated in the opinion of the Superior Court.

The court made absolute the rule. Plaintiff appealed.

*Error assigned* was the order of the court.

*George F. Whitmer,* for appellant, cited: Woods v. Irwin, 28 W. N. C. 187; Renwick Bros. & Co. v. Richardson, 5 Pa. Superior Ct. 202; Kock v. Biesecker, 7 Pa. Superior Ct. 37; Inter. Harvester Co. v. Miller, 51 Pa. Superior Ct. 324; Hess v. Calender, 120 Pa. 138; Knarr v. Elgren, 9 Atl. 875; Kline v. Fitzgerald Bros., 267 Pa. 468; McIvor v. Hynes, 248 Pa. 544.

*A. A. Geary,* for appellee, cited: Kaier Co. v. O'Brien, 202 Pa. 153; Jenkintown Nat. Bank's App., 124 Pa. 337; Rinesmith v. Peoples' Freight Railway Co., 90 Pa. 262; Philips G. & O. Co. v. Pittsburgh P. G. Co., 213 Pa. 183.

OPINION BY HENDERSON, J., July 13, 1922:

If the decision on the application to open depended on the contradictory evidence of the plaintiff and defendant alone, the judgment should not have been opened. As a general rule, the court will not open a judgment on the unsupported oath of the defendant where the testimony of the plaintiff is directly contradictory; but where there is corroboration or there are circumstances from which corroborative inferences may be drawn in favor of the defendant, the court will ordinarily open the judgment and submit the question in dispute to a jury: Jenkintown National Bank's App., 124 Pa. 337; Stockwell v. Webster, 160 Pa. 473. The effect of the defendant's application to open the judgment was not to permit him to contradict a contract in writing by parol evidence, but to prove the existence of a contemporaneous parol agreement on the faith of which the judgment promissory note was given. Our inquiry is whether the defendant's

testimony is supported by other witnesses or such circumstances of corroboration as should influence the court in favor of the defendant's application. Such a defense may be made out on the clear weight of the evidence and if the court be satisfied that an issue is fairly raised, the judgment should be opened to permit the defense to be made. The court adopted this course in the present case. The defendant's testimony was strongly corroborated by the evidence of several other witnesses; the purport of which was that the plaintiff was a dealer in second-hand automobiles; that he visited the home of the defendant at different times for the purpose of inducing the latter to buy a car; that he offered to sell him a used Maxwell automobile which he represented to be as good as new and in good working condition. The last conversation on the subject was the evening before the note was given. According to the testimony of the defendant and his witnesses the agreement was that if the defendant would take the car and it was not satisfactory, the plaintiff would take it back. The defendant was to go to the plaintiff's place of business the next morning and complete the purchase. At that time the defendant said to the plaintiff if this car is not what you said it is I am going to fetch it back, and the plaintiff said if it is not satisfactory, I will take it back. The plaintiff's reply on cross-examination as to this allegation was that he did not remember telling the defendant if the car was not satisfactory he could bring it back; and on his own redirect examination he said in answer to his own counsel that he did not remember that conversation. When the question was repeated to him directly he replied that the car was not sold with that understanding. There is evidence that the car was not as good as new; that it was not in good working condition and not fit for the defendant's use. The court was not in error, therefore, in holding that a question of fact was presented which should properly be determined by a jury. It is true the last conversations between the plaintiff and defendant referred

to by the defendant's wife and her sisters and her son took place the night before the note was signed, but they related directly to the purchase of this car and were a part of the negotiation which it was arranged would be continued the next morning. They were relevant, therefore, to show the condition under which the bargaining was to be concluded, and that a part of the understanding of the parties was that the defendant would be at the place of business of the plaintiff the next day to decide on the purchase. The conversations were near with respect to time and tended to show the conditions in which the purchase was to be concluded: Rinesmith v. Peoples' Freight Ry. Co., 90 Pa. 262. The evidence in the case does not bring us to the conclusion that the court exercised an unauthorized discretion in opening the judgment. The decree is therefore affirmed and the appeal dismissed at the cost of the appellant.