## Keystone Commercial Company, Inc., v. Horowitz et al.

*Judgment—Opening—Controlling principles.*

1. As a general rule, the court will not open a judgment on the unsupported oath of the defendant where the testimony of the plaintiff is directly contradictory; but where there is corroboration or there are circumstances from which corroborative inferences may be drawn in favor of the defendant, the court will ordinarily open the judgment.

*Evidence—Parol to vary, modify or nullify written instruments.*

2. If the effect of a contemporaneous parol promise is not to modify, but to nullify or destroy a written instrument, even though the parol promise was the inducement to its execution, evidence of the promise is inadmissible unless the promise was omitted from the instrument by fraud, accident or mistake.

3. Where, however, the parol promise merely modifies, varies or contradicts the terms of the written instrument and restricts its enforcement without destroying it, the parol evidence establishing the promise is admissible under the principle that where a stipulation has been entered into, a condition annexed, or a promise made by word of mouth, on the faith of which the writing has been executed, parol evidence is admissible, though it may vary and materially change the terms of the contract.

Petition and rule of M. Kon to open judgment. C. P. No. 5, Phila. Co., June T., 1922, No. 8306.

*Carr & Krauss*, for plaintiff; *J. H. Spivak*, for defendants.

MONAGHAN, J., Aug. 28, 1923.—On April 21, 1922, Max Horowitz, M. Kon, Max Weiner, Jacob Miller and Mary Horowitz, the defendants, executed a judgment note for $500, payable one day after date, to the Keystone Commercial Company, Incorporated, the plaintiff.

In addition to the usual terms and the warrant of attorney authorizing confession of judgment, the note contained the following stipulation: "And we and each of us do hereby covenant, publish and declare that the sum of $500 to be paid to us by Keystone Commercial Company, Inc., in consideration of this note is intended for and will be used by each and all of us for our joint and mutual benefit; and we do covenant, publish and declare that we and neither of us have executed this note as accommodation endorser or maker or surety or guarantor for the other."

The note was not paid in full; judgment was entered and damages were assessed thereon for $443.05 on Oct. 24, 1922; whereupon a writ of *fieri facias* was issued.

On Nov. 6, 1922, M. Kon, one of the defendants, filed a petition, praying that the judgment be opened. In the petition it is not denied that Kon signed the note. He avers therein, however, (1) when the note was executed, he was induced to sign it as surety for Max Horowitz, on the express promise made to him by an officer of the Keystone Commercial Company, Inc. (who was present at the meeting when the transaction took place and who transacted all the business of the corporation), that as soon as one-third of this particular note was paid off, Kon should be relieved of all liability; and (2) that the amount of the actual consideration passing from the company to Max Horowitz was approximately $200; that more than one-third of that amount has been paid; Kon should, therefore, be relieved from liability. The plaintiff filed an answer, in which the two material allegations of the petition were specifically denied; and it was asserted that the amount of money due on the loan is $500, and, therefore, Kon is liable for the entire balance due on the judgment as indicated in the *fieri facias*.

Depositions were taken in support of and against the rule.

As a general rule, the court will not open a judgment on the unsupported oath of the defendant where the testimony of the plaintiff is directly contra-

3 D. & C.

dictory; but where there is corroboration, or there are circumstances from which corroborative inferences may be drawn in favor of the defendant, the court will ordinarily open the judgment and submit the question in dispute to a jury: Hotaling v. Fisher, 79 Pa. Superior Ct. 103.

The testimony of the defendant, Kon, showing the circumstances under which, and the terms of a contemporaneous parol promise on the faith of which, he signed the judgment note, was strongly corroborated by two other witnesses, one of whom was apparently disinterested; and, although the parol promise is denied by two witnesses of the plaintiff, a jury would be warranted in finding that Kon was induced to sign the note on the strength of the oral promise. Assuming, then, as we must, for the purposes of the rule now before us, that the facts are so established, our inquiry is, Should we exclude from the case the parol promise as established? If it should be excluded, we would be obliged to deny the defendant's application.

The plaintiff was a corporation engaged in the business of lending money at interest. Max Horowitz was indebted to the corporation in the sum of $260, a balance due on old loans. He desired to obtain an additional loan from the corporation; they agreed to lend him the amount he desired, provided he gave them a judgment note for $500, signed by himself and four other persons acceptable to the corporation; the old debt of $260 to be paid out of the proceeds of the note and the obligation canceled on its books; the balance of the proceeds was to be paid to him. Horowitz succeeded in obtaining the signatures of his wife, of Max Weiner and of Jacob Miller to the judgment note, but apparently experienced difficulty in obtaining the fifth signature. He called upon Kon, who was a stranger to him, and requested him to sign the note. Kon refused. The next day Horowitz was in the office of the plaintiff; Kon was also there, and for the purpose of obtaining a loan from the plaintiff to himself. (The parol promise referred to in the discussion of the case was then made as follows): Topkis, the treasurer of the plaintiff, requested Kon to sign the note for Horowitz; Kon refused, telling Topkis he was about to borrow money from the plaintiff and did not want to jeopardize his credit. Topkis then told him that the corporation would lend money to him, and if he signed the note for Horowitz, he would be released therefrom on payment of one-third of the amount thereof by Horowitz; whereupon Kon signed the note in suit, which was delivered to Topkis; a check signed by Silverman as president and by Topkis as treasurer of the plaintiff, payable to the order of Max Horowitz, for $194.50, together with $45.50 in cash, or credit for expenses, was given to the latter, and Horowitz's old indebtedness of $260 was canceled on the books of the plaintiff.

The contemporaneous parol promise, and the circumstances under which it was made, warrants a finding that it induced Kon to sign the note.

If the effect of the oral promise was not to modify, but to nullify or destroy the written instrument as to Kon, then, though the parol promise was the inducement to its execution by him, we would be obliged to exclude it from our consideration, since there is no evidence that it was omitted from the note by fraud, accident or mistake: Second National Bank of Reading v. Yeager, 268 Pa. 167; Evans v. Edelstein, 276 Pa. 516. However, since we are of opinion that the parol promise which we have recited only modifies, varies or contradicts the terms of the note and restricts its enforcement, but does not destroy it, the parol evidence establishing the promise is admissible, under the broad and now well-established principle, "That where, at the execution of the writing, a stipulation has been entered into, a condition annexed, or a promise made by word of mouth, upon the faith of which the writing has been

executed, parol evidence is admissible, though it may vary and materially change the terms of the contract:" Insurance Co. v. Williams, 155 Pa. 405; Coal Co. v. Willing, 180 Pa. 165; Gandy v. Weckerly, 220 Pa. 285; Croyle v. Cambria L. & I. Co., 233 Pa. 310; Potter v. Grimm, 248 Pa. 440; Noel v. Kessler, 252 Pa. 244; Federal Sales Co. v. Farrell, 264 Pa. 149; Danish Pride Milk Co. v. Marcus, 272 Pa. 340; Martz v. Wilcox Co., 57 Pa. Superior Ct. 169; Sheinman Bros. v. Hovland-Sardeson-McColm Co., 78 Pa. Superior Ct. 479; Hotaling v. Fisher, 79 Pa. Superior Ct. 103. See, also, Reed v. Kuntz, 17 Dist. R. 865.

Included in the broad principle stated is the narrower one, frequently quoted, that "Where there has been an attempt to make a fraudulent use of the instrument, in violation of a promise or agreement made at the time the instrument was signed, and without which it would not have been executed," parol evidence is allowed to contradict or vary the instrument: Gandy v. Weckerly, 220 Pa. 285; Kerr v. McClure, 266 Pa. 103; Tasin v. Bastress, 268 Pa. 85, 91. The contemporaneous parol promise in this case is admissible under the narrow statement just made, as well as under the broader principle of which it is a part.

The plaintiff denies that its agent or treasurer, Topkis, had any authority to enter into the parol promise with Kon. While the scope and power of an agent are questions for the court, where his authority is created by an instrument in writing, and where (as here) the agency is to be established by implication or by the testimony of witnesses, the fact and the scope of it are for the jury: Singer Manuf. Co. v. Christian, 211 Pa. 534, 540.

The plaintiff in the present action is seeking to enforce the contract made by its agent, and even if, as a matter of fact, that agent exceeded his authority, yet, if the plaintiff company seeks to take the benefit of the bargain, it must adopt the contract as its agent made it: Caley v. Railroad Co., 80 Pa. 363; Keough v. Leslie, 92 Pa. 424; Singer Manuf. Co. v. Christian, 211 Pa. 534; Federal Sales Co. v. Farrell, 264 Pa. 149; Danish Pride Milk Co. v. Marcus, 272 Pa. 340.

It appears from the testimony that, at the time of the taking of depositions, a third of the $500, the amount of the note, with the exception of a few dollars, had been paid by Horowitz. Upon the payment within ten days of the balance of the third part, together with interest due thereon, the rule to open the judgment and set aside the fieri facias is made absolute.