# Lake Erie Nursery & Seed Co. *v.* Edwards, Appellant.

*Sales—Written contracts of sale—Stipulation that all terms are stated in contract—Affidavit of defense—Insufficiency—Parol evidence to contradict written instrument.*

In an action of assumpsit to recover balance due on a written contract for the sale of nursery stock, and affidavit of defense is insufficient, which alleges failure to read the contract, breach of warranty, etc., where the agreement specifically provides that: "This order is not subject to countermand, and this contract covers all terms, conditions or agreements between the purchaser and agent in relation to said order."

Parties having taken the precaution to put their agreement in writing may further safeguard their rights by such a stipulation, otherwise the contracting party is powerless to protect himself against parol modifications of his solemn contract.

Where fraud is alleged and the defense, if analysed, is solely that of a contemporaneous agreement which induced the execution of the written order, parol evidence cannot be introduced to contradict the provisions of the written contract.

Argued April 14, 1925. Appeal No. 204, April T., 1925, by defendant from rule of C. P. Erie County, September T., 1924, No. 42, for judgment for want of a sufficient affidavit of defense, in the case of W. S. Kimball, Trading as the Lake Erie Nursery and Seed Co., v. P. D. Edwards. Before HENDERSON, TREXLER, KELLER, LINN and GAWTHROP, JJ. Affirmed.

Assumpsit for goods sold and delivered. Before HIRT, J.

The facts are stated in the opinion of the Superior Court.

Rule for judgment for want of a sufficient affidavit of defense.

The court made absolute the rule. Defendant appealed.

*Error assigned* was the decree of the court.

*D. R. Cushman,* for appellant.—Parol evidence was admissible under the allegation of fraud: Salicone v. Peterson Motors, Inc., 82 Pa. Superior Ct. 153; Ferree v. Woung, 6 Pa. Superior Ct. 307; Smith, Kline & French Co. v. Smith, 166 Pa. 563.

*P. D. Hyner,* for appellee.—When the parties have put their agreement in writing they may further guard their rights by stipulating that the instrument contains the entire contract; and in such a case no alleged parol agreement can be pursued to vary the writing: Tranter Mfg. Co. v. Blaney, 61 Pa. Superior Court 379; Ridgway Dynamo, etc. Co. v. Pa. etc. Co., 221 Pa. 160.

In such a case an affidavit is insufficient which avers matters outside the agreement: Colt Company v. Evans, 74 Pa. Superior Ct. 73; Oxweld Acet. Co. v. Hastings, 71 Pa. Superior Ct. 178.

OPINION BY TREXLER, J., July 9, 1925:

The court below entered judgment for want of a sufficient affidavit of defense.

The plaintiff's claim was for $370—for nursery stock consisting of various trees sold and delivered to the defendant in accordance with a written contract signed by the defendant. The contract contained a clause: "This order is not subject to countermand, and this contract covers all terms, conditions or agreements between the purchaser and agent in relation to said order."

The defense is, first, that the plaintiff induced the defendant to sign the contract by stating that such trees as he was selling could not be purchased in the market for any less price and that the defendant ascertained that the price of the same kind, quality and variety could be bought in the market for $164 less than the price charged. Second, when the defendant

told the plaintiff that he could not pay for the trees when delivered but would pay for them in the fall, he replied, "we will fix the time all right." It is furthermore stated in the affidavit of defense that the defendant's eyesight was poor and he was unable to read the contract.

The kind of trees bargained for were delivered. As to the statement that defendant's eyesight was poor, it will be noticed that there is no allegation here that the plaintiff misrepresented to the defendant the contents of the written agreement, (Ralston v. Phila. R. T. Co., 267 Pa. 257, 268). Moreover if defendant was unable to read the contract, he should have procured some one to read it for him: Goldberg v. Ins. Co., 82 Pa. Superior Ct. 302. Although fraud is alleged, the defense, if analyzed, is solely that of a contemporaneous agreement which induced the execution of the written order. The allegation of the plaintiff as to market price was merely an affirmation of the value of the goods and nowise constituted a warranty. The clause that the contract covered all terms, conditions or agreements between the purchaser and agent in relation to said order, is a material part of the contract and as was said in Gross v. Exeter Machine Works, 277 Pa. 363: "Parties having taken the precaution to put their agreement in writing may further safeguard their rights by such a stipulation as above quoted, otherwise the contracting party is powerless to protect himself against parol modifications of his solemn contract." See also Ridgway Dynamo Co. v. Pa. Co., 221 Pa. 160; Tranter Mfg. Co. v. Blaney, 61 Pa. Superior Ct. 379; Outcault Adv. Co. v, Ritchey, 63 Pa. Superior Ct. 597. The promise of the plaintiff that "we will fix the time all right," was an oral understanding concerning a subject which was dealt with in a written contract, (Gianni v. R. Russell & Co., Inc., 281 Pa. 320, 324) and of it the defendant had notice for he, not-

withstanding his poor eyesight states, in his affidavit, that he saw the words "cash on delivery" printed in large letters on the contract. He knew that the contract as to this subject required cash on delivery.

The judgment of the lower court is affirmed.