## Smith etc. *v.* Holmwood, Appellant.

*Contracts—Written contracts—Parol evidence—Stipulation that all agreements must be in writing.*

In an action of assumpsit on a written contract containing the stipulation that "no agreement recognized unless stated on face of contract," evidence of representations made before the contract was executed is inadmissible.

Where parties have deliberately put their agreement in writing stipulating that all agreements must be in writing and that no verbal agreements will be recognized, such a stipulation forms a material part of the contract and is enforceable as such.

Where no offer was made to prove fraudulent representations at the time of the execution of the contract evidence of statements made prior to the original were properly excluded.

Argued October 19, 1925.   Appeal No. 168, October T., 1925, by defendant from judgment of the Municipal Court of Philadelphia, Sept. T., 1924, No. 47, on verdict directed in favor of the plaintiff in the case of A. F. Smith, trading as The Stanley Theatre Magazine and Program v. Norman Holmwood.   Before PORTER, HENDERSON, TREXLER, KELLER, LINN and GAWTHROP, JJ.   Affirmed.

Assumpsit on a written contract.   Before CASSIDY, J., without a jury.

` The facts are stated in the opinion of the Superior Court.

The court found in favor of the plaintiff in the sum of $83.20 and judgment thereon.   Defendant appealed.

*Errors assigned* were various rulings on evidence.

*Nochem S. Winnet,* for appellant.

*Charles D. Fagles,* and with him *Wessel, Bennett* and *Weiss,* for appellee.

OPINION BY GAWTHROP, J., December 14, 1925:

Defendant appeals from a judgment against him in an action in assumpsit in which plaintiff sued to recover the price of advertising caused to be furnished by it to defendant in the Stanley Theatre Magazine and Program under a written contract. Defendant admitted the execution of the contract and attempted to avoid liability solely on the ground that he was induced to execute the contract by certain fraudulent representations made to him by plaintiff's agent. The contract contained the following: "No agreement recognized unless stated on face of contract." At the trial plaintiff proved its case by offering certain paragraphs of its statement of claim and the affidavit of defense. Defendant took the witness stand and was asked: "What representations plaintiff's agent made to him before he signed the contract." The objection to the question was sustained, an exception was noted for defendant, and the case closed. The only error assigned is the refusal of the court below to permit the above question to be answered. The ruling was correct. Where parties have deliberately put their agreement in writing stipulating that all agreements must be in writing and that no verbal arrangements will be recognized, such a stipulation forms a material part of the contract and is enforceable as such. (See Meyercord Co. v. Gwilliam Mfg. Co., 85 Pa. Superior Ct. 33, and cases therein cited.) Parties may safeguard their rights by such a stipulation. If this were not so a contracting party would be powerless to protect himself from parol modifications of his solemn contract: Gross v. Exeter Machine Works, Inc., 277 Pa., 363. If the purpose of the question was not to introduce testimony to alter the written agreement, but to set it aside because it was procured by fraud, the learned counsel for defendant should have made an offer to

prove fraudulent representations made at the time of its execution. No such offer was made. The question was whether plaintiff's agent made any representations "before you entered into the contract." The trial judge cannot be convicted of error for sustaining the objection.

All of the assignments of error are overruled and the judgment is affirmed.