## Campbell & Taylor v. Rhoads.

*Written contract—Modification ,by parol—Misuse of written contract—Affidavit of defence.*

In an action on a written contract containing a stipulation that it constitutes the entire agreement between the parties, an affidavit of defence is sufficient which avers that it was agreed by a contemporaneous parol agreement which induced the contract that the written contract was to be used only for a specific purpose set forth and that the plaintiffs were attempting to use it for a different purpose in the instant case.

Rule for judgment for want of a sufficient affidavit of defence. C. P. Lancaster Co., Sept. T., 1926, No. 49.

*S. V. Hosterman*, for rule; *John M. Groff*, contra.

HASSLER, J., April 16, 1927.—The facts upon which the plaintiffs rely to recover, as set forth in their statements, are as follows: On July 30, 1926, the defendant entered into a written contract with the plaintiff, wherein he agreed that the plaintiffs were to have the exclusive right, for the term of one hundred and ninety days, to sell his property at No. 827 Prangley Avenue, this city, for the sum of $3200, and that he was to pay them for the service of selling the same all that they obtained for it in excess of $3200. In the written contract, the defendant certified that he had "read the contract and received a copy and knew the contents thereof, and this contract constitutes the entire agreement between Campbell & Taylor and myself." The plaintiff, on Aug. 7, 1926, obtained a purchaser for the property for the sum of $3500. The purchaser paid $100 on account of the purchase price and signed a written agreement to pay the balance on Oct. 1, 1926, upon delivery to him of a deed to the property, conveying it with a good marketable title. The defendant then refused to sell the property to the purchaser so obtained by the plaintiffs. In this action they seek to recover the difference between the price which the purchaser they obtained agreed to pay for the property, viz., $3500, and the price at which the defendant authorized its sale, viz., $3200, that being what he agreed to pay them for its sale in the written contract we have referred to.

The defendant does not deny any of the averments contained in plaintiff's statement, but, in explanation and as a defence, alleges "that the said agreement was made and entered into with the distinct understanding and verbal agreement that Arthur E. Campbell, with whom I made the written agreement, would use the said written agreement only for the purpose of making a trade on the first property on Fifth Street off of Ruby Street. The price at which he was to sell my house to the owner of the Fifth Street house was $3200, and the price at which he was to buy the Fifth Street house was $5500. This he failed to do, unless I would pay a much larger price than $5500 for the Fifth Street house. That the consideration for my signing the said agreement was as above set forth, and that the said A. E. Campbell, acting for himself, and H. J. Taylor, trading as Campbell and Taylor, failed to carry out

his part of the agreement, and failed to comply with the terms of verbal agreement which induced the signing of the written agreement, and did not carry out the written agreement as it was made, according to the verbal contract above set forth."

It is well settled that a written contract can be varied, modified or contradicted by a contemporaneous parol agreement which was the inducing cause for the party seeking to vary, modify or contradict it having signed it. But where, as here, a written contract contains a stipulation that the contract constituted the entire agreement between the plaintiffs and defendant, parol evidence of a prior or contemporaneous parol agreement is not admissible to vary, modify or contradict it: Oxweld Acetylene Co. *v.* Hastings, 35 Lanc. Law Rev. 129, affirmed in 71 Pa. Superior Ct. 178; Lee Lash Co., Inc., *v.* Russell Sales Co., 40 Lanc. Law Rev. 347; Ridgeway Dynamo Co. *v.* Penn Cement Co., 221 Pa. 160; Lake Erie Seed Co. *v.* Edwards, 86 Pa. Superior Ct. 103; Gross *v.* Machine Works, 277 Pa. 363; Smith *v.* Holmwood, 87 Pa. Superior Ct. 100; Holcomb Co. *v.* Gamba, 80 Pa. Superior Ct. 191.

If the defence contained in the affidavit of defence is only for the purpose of varying or contradicting the written contract of July 30, 1926, between the plaintiffs and defendant, it is, therefore, not a sufficient defence, even though he does allege that the contemporaneous parol agreement was the inducement for his having signed it, for the reason that the written contract contains a stipulation that it is the entire contract between them.

But the defence contained in the affidavit of defence does not attempt to vary, modify or contradict the written contract, even though it may amount to that. It is alleged that it was agreed between them in a contemporaneous parol agreement that the written contract in question was to be used only for one purpose and that the plaintiffs are attempting to use it for another in violation of that agreement. This, in numerous cases, has been held to be a good defence to an action on a written contract.

In Winters *v.* Schmitz, 36 Pa. Superior Ct. 496, the defendant owned a house upon which the plaintiff had made very expensive alterations. Desiring to borrow money upon it, he asked the plaintiff to give him a release of liens in order that he might borrow money on the property. A paper was drawn up, in which it was stated, without the knowledge of the defendant, that the defendant was indebted to the plaintiff in a larger amount than he, the defendant, claimed at the trial he did owe him. The defendant signed it on the representation that it was a release of liens for the purpose of enabling him to borrow money on his property. At the trial, when the plaintiff attempted to use the writing as an admission of the amount of the defendant's indebtedness to him, the defendant was allowed to prove by the contemporaneous parol agreement what it was to be used for. Judge Rice said: "When an instrument has been obtained for one purpose and an attempt is made to use it for a different and unfair purpose, parol evidence is admissible to establish the contemporaneous agreement as to the purpose for which it was to be used. 'Nor is it essential to the admission of parol evidence that a fraud was originally intended. It is enough that, though the parties acted in mutual good faith at the inception of the transaction, an attempt is made to wrest the instrument to a purpose not contemplated or use it in violation of the accompanying agreement:' Rearich *v.* Swinehart, 11 Pa. 233. This exception to the general rule has been recognized in many subsequent cases and as late as the case of Phillips Gas and Oil Co. *v.* Pittsburgh Plate Glass Co., 213 Pa. 183. White *v.* Black, 14 Pa. Superior Ct. 459, is a very similar case to the present, as appears by the second paragraph of the syllabus, which we

quote: 'In an action for rent due under an alleged parol lease, where the defendant introduced as part of his defence a subsequent written lease, it was competent for the plaintiff in rebuttal to introduce evidence tending to show that the defendant did not go into possession under the lease last referred to; that it was not executed until after the term had well progressed, and that it was then signed and given to the defendant at his request for the specific purpose, and for that purpose only, of being used by him to show, in litigation then pending in court between him and a third person, that the plaintiff had admitted him in his right as tenant of the premises.' If there ever can be a case where the effect of a written instrument can be controlled by clear, convincing and indisputable parol testimony of the sole effect and purpose the parties, at the time they executed it, intended it to have and accomplish, this is such a case."

In Phillips Gas and Oil Co. v. Pittsburgh Glass Co., 213 Pa. 183, which is to the same effect, Justice Mestrezat said: "The case of Davidson v. Young, 167 Pa. 265, was an issue between the obligee and obligor of a bond in which a contemporaneous parol agreement was set up as a defence. It was there held that the trial court committed no error in charging the jury that if the parties entered into that arrangement, although there was no fraud, accident or mistake, and the obligee afterwards undertook to use the bond for a purpose that was not contemplated and contrary to the agreement of the parties at the time the bond was executed, the obligor would be entitled to recover, for such use of the bond would be a fraud. In Honesdale Glass Co. v. Storms, 125 Pa. 268, Mr. Justice Green, delivering the opinion of the court, says (page 278): 'In that aspect of the case (setting up a written contract in violation of a parol promise), it comes within the very numerous decisions of this court which hold substantially that, when the execution of an instrument has been obtained by means of a fraud, or where there has been an attempt to make a fraudulent use of the instrument, in violation of a promise or agreement made at the time the instrument was signed and without which it would not have been executed, parol evidence may be given to prove the fraud, though it contradict the written instrument.' Many decisions of this court are cited in the opinion to sustain the principle."

In Federal Sales Co. v. Farrell, 264 Pa. 149, Justice Simpson says: "It is true a party who sets up a contemporaneous parol agreement varying the terms of a written instrument sued or defended upon has a heavy burden to carry; . . . but it is equally true no such requirement exists where the attempt is to use the writing in violation of a collateral promise whereby the party's signature was obtained to the instrument: Gandy v. Weckerly, 220 Pa. 285; Noel v. Kessler, 252 Pa. 244."

The same rule applies where the written contract contains a stipulation, as in the case here, that it contains all the conditions pertaining to it.

In Zeller v. Haupt, 41 Pa. Superior Ct. 647, the written contract contained the following: "I have read the above and all conditions appertaining to this order appear hereon." The court below rejected testimony offered to show it was being used for a purpose other than it was to have been used [for] according to a contemporaneous parol agreement made by the parties to it. In reversing the court below, Judge Orlady said (page 653): "The rejection of the testimony to show these material facts which were alleged to be an inducing cause to the signing of the trial order was in conflict with Gandy v. Weckerly, 220 Pa. 285, and we also held, in El Dorado Jewelry Co. v. Hopkins, 34 Pa. Superior Ct. 446, that when a party is inveigled into signing a written contract upon the faith of a contemporaneous agreement which is violated as soon as

Campbell & Taylor *v.* Rhoads.

it has accomplished its purpose in securing the execution of the paper, an oral agreement may always be shown when the enforcement of the paper is attempted."

We must assume in this proceeding that the averments in the affidavit of defence are true. As it is alleged in it, the written contract on which suit is brought was given only to be used to effect the exchange of defendant's house and lot for one on Fifth Street, the plaintiffs are using it for quite a different purpose in attempting to collect commissions for the sale of a house and lot to a third person, notwithstanding the written contract contains a stipulation that it constitutes the entire agreement between the plaintiffs and defendant. It is a good defence that the contemporaneous parol agreement, which was the inducing cause for the defendant to have signed the contract, was made to the effect that the contract was to be used for one purpose, which is different from that [for] which the plaintiffs are attempting to use it in this case, viz., to collect commissions or compensation for the sale of the house in question to a third party. We are of the opinion that the affidavit of defence contains a sufficient defence to plaintiff's claim and discharge the rule to show cause why judgment should not be entered for want of a sufficient affidavit of defence.

Rule discharged.

From George Ross Eshleman, Lancaster, Pa.