## Michigan Mut. Life Ins. Co., Appellant, *v.* Williams.

*Promissory notes—Life insurance—Parol evidence.*

A parol agreement by a mutual life insurance company to allow a rebate of a certain proportion of the amount of a premium note at maturity does not contradict the note itself.

Such an agreement by the company means a promise that if the assured live until the maturity of the note, as a member of the company, they will credit him with the rebate on his annual premium; but if he dies

before the maturity of the note, the full amount will be taken from the face of the policy.

MR. JUSTICE MITCHELL dissented, on the ground that the parol agreement was a contradiction of the written obligation to pay.

Argued March 23, 1893. Appeal, No. 239, Jan. T., 1893, by plaintiff, from order of C. P. No. 4, Phila. Co., Sept. T., 1892, No. 122, in favor of defendant, Richard B. Williams, discharging rule for judgment for want of sufficient affidavit of defence. Before WILLIAMS, McCOLLUM, MITCHELL, DEAN and THOMPSON, JJ.

Rule for judgment for want of sufficient affidavit of defence in assumpsit on a promissory note by payee against maker.

The affidavit of defence was as follows:

"Deponent made application to plaintiff through its general agent for Philadelphia, one E. G. Kemble, for a policy of insurance on his life, in the sum of ten thousand dollars, the full annual premium therefor being three hundred and seventy-one dollars and seventy cents, for which your deponent gave his promissory note (the note in suit), with the distinct understanding, and on the positive agreement and assurance of the said general agent of said plaintiff company, that your deponent would be and was entitled to a rebate of 30 per centum of said premiums, to wit: the sum of one hundred and eleven dollars and fifty-one cents, and which said sum the said general agent agreed to deduct from said promissory note, leaving a balance due by your deponent to said company plaintiff, if any at all, of two hundred and sixty dollars and nineteen cents. But your deponent avers that he wrote a letter to said general agent, wherein he offered to pay for the insurance so effected on his life, for the time it had run, and further offered to surrender his policy for cancellation."

Rule for judgment discharged. Plaintiff appealed.

*Error assigned* was discharge of rule.

*J. Willis Martin,* for appellant.—Oral testimony is not admissible to contradict, vary, or materially affect, by way of explanation, any written contract: Hoare v. Graham, 3 Camp. 56; Moseley v. Hanford, 10 B. & C. 729; Free v. Hawkins, 8

ˋTaunt. 92; Anspach v. Bast, 52 Pa. 356; Heist v. Hart, 73 Pa. 286; Lippincott v. Whitman, 83 Pa. 244; Clarke v. Allen, 132 Pa. 40; Ziegler v. McFarland, 1 Adv. R. 400 [147 Pa. 607]; Martin v. Berens, 67 Pa. 459. In Hill v. Gaw, Anspach v. Bast, Clark v. Allen and Ziegler v. McFarland, the question arose between the original parties to the obligations.

Where the circumstances are such as to warrant the admission of evidence of a contemporaneous agreement to vary a contract in writing it must be alleged that the contract was executed on the faith of the parol agreement: Callan v. Lukens, 89 Pa. 134.

There is no allegation contained in the affidavit that the offer to pay for insurance or surrender the policy for cancellation was accepted, or that the letter claimed to have been written by the defendant upon that subject was transmitted by him or received by the company or its agent.

No argument was offered for appellee.

OPINION BY MR. JUSTICE DEAN, May 22, 1893:

The defendant made and delivered to plaintiff through their general agent, E. G. Kemble, a promissory note, of which this is a copy:

"$371.70.                    PHILADELPHIA, Pa., February 27, 1892.

"Four months after date I promise to pay to the order of Michigan Mutual Life Insurance Company Three Hundred and Seventy-one 70-100 Dollars, at 119 South Fourth Street, value received with interest at the rate of     per cent per annum.

                                   " RICHARD B. WILLIAMS."

The note was not paid at maturity, and plaintiffs brought this suit, claiming judgment for amount of note with interest. To this claim defendant filed an affidavit of defence, denying that he was indebted to plaintiff in any greater sum than seventy per cent of the amount of the note.

Plaintiff took a rule for judgment for want of a sufficient affidavit of defence, which, on November the 5th, 1892, after hearing, the court discharged; from that decree comes this appeal.

The affidavit of defence avers that the note was given for the first annual premium on an insurance policy on his, defend-

ant's, life in the plaintiff company for the sum of ten thousand dollars; that it was given on the distinct understanding, positive agreement, and assurance of the agent who solicited the risk, that he, defendant, should have a rebate of thirty per cent of the face of the note, leaving a balance due of only two hundred and sixty dollars and nineteen cents. That he offered said plaintiff to return his policy for cancellation, and pay for the risk while it had existed, but plaintiff made no answer.

It will be noticed that this suit is between the original parties to the note; the affidavit, of course, would be insufficient to maintain a defence against a third party, a holder for value. But whatever agreement was made by plaintiff's agent, Kemble, when he solicited the risk, took the note payable to plaintiff, and delivered the policy, must be treated as made by the company itself, so far as is disclosed by the record at this stage of the proceedings. Further, on an appeal from this decree, we must take the affidavit of defence as stating the exact truth. The parties then are in this attitude: Says the plaintiff, "True, I positively promised and agreed with you when you delivered me this note for $371.70 that I would rebate from that amount, or credit at its maturity, with $111.51, and on this promise you took a policy from me of $10,000 on your life. But this agreement was not in writing, and as it contradicts the note I will not stand to it; you must pay the full amount."

Whatever may be the attitude of plaintiff in morals, the question now is, whether it is good in law and equity.

The plaintiff is a mutual life insurance company; presumably, its policy holders share its profits; the defendant does not aver he was not to pay the face of the note, but that at maturity he would be entitled to a rebate of 30 per cent; the inference is, that the company meant by such a promise that if he lived until the maturity of the note, as a member of the company or policy holder in it, they would credit him with that percentage on his annual premium; if he died within the four months, the full amount of the note would be taken from the face of the policy; there would be no deduction. Such an agreement between the parties does not contradict the writing. We have the right to assume from the promise made by plaintiff that 30 per cent rebate would be allowed; they meant defendant would be honestly entitled to receive this sum on his

$10,000 policy. If, when they so assured him, they told him what was not true, that to allow it would now be a fraud on the other policy holders, then they should have an opportunity of showing on a trial their mistake; if it was true, if the business of the company did warrant the payment of this amount to him, he is entitled to what was promised, and ought to have a credit with that amount. None of the authorities cited by the learned counsel for appellant touch the question raised by this affidavit of defence between this insurance company and the policy holder. He does not deny that the note is just what it purports to be; admits he signed and delivered it; that he promised to pay the sum specified in it at the time specified; but he alleges plaintiff, in the peculiar transaction of which it formed a part, was, at maturity, to enter a credit of 30 per cent when it became due.

The case relied on by counsel for appellant, Zeigler v. McFarland, 147 Pa. 607, is not in point. The defence there was, that the note was given on the representation of plaintiff that it was a mere matter of form, and not an obligation to pay the money specified in it. That was a direct contradiction of the instrument, and if enforced made it worthless. Here there is no contradiction, but only the claim of a credit which, by the parol contract, was to be given at maturity. This case ought to go to a jury. The decree affirmed, and appeal dismissed at costs of appellant.

MR. JUSTICE MITCHELL dissented, on the ground that the affidavit is a contradiction of the written obligation to pay.