## Evans, Appellant, *v.* Edelstein et al.

*Vendor and vendee—Hand money—Liquidated damages—Written instrument—Oral proof—Evidence.*

1. Where, in articles of agreement for sale of real estate, the vendee covenants to pay the purchase money as therein required, or to forfeit the hand money as liquidated damages, he cannot, in the absence of any claim of fraud, accident or mistake, offer oral testimony of a contemporaneous oral agreement as the inducement for his signature, that the hand money was to be returned to him, if he was unable to complete the purchase.

2. The effect of such proof would be, not to vary the written agreement, but to nullify it.

3. A claim that the provision of the agreement as to the hand money was stricken out of the writing before signature, is not sustained where the evidence is that the clause in the vendee's agreement was stricken out in lead pencil, that it was unaltered in the vendor's copy, although another alteration admittedly made was duly noted, and that the vendee's father who was acting for him was a lawyer, and was himself putting up the hand money from his own funds.

Argued January 18, 1923. Appeal, No. 46, Jan. T., 1923, by plaintiff, from judgment of C. P. No. 1, Phila. Co., Sept. T., 1919, No. 5361, for defendants n. o. v., in case of H. Gimber Evans v. Jacob Edelstein and Nathan Kushin. Before MOSCHZISKER, C. J., WALLING, KEPHART, SADLER and SCHAFFER, JJ. Affirmed.

Assumpsit to recover hand money.　Before QUIGLEY, P. J., specially presiding.

The opinion of the Supreme Court states the facts.

Verdict for plaintiff for $5,675.　Judgment for defendants n. o. v.　Plaintiff appealed.

*Error assigned* was judgment, quoting record.

*Joseph R. Embery,* for appellant.

*Franklin Spencer Edmonds,* with him *Maurice Rose* and *Samuel J. Gottesfeld,* for appellees.

OPINION BY MR. JUSTICE SCHAFFER, February 26, 1923:

This action was brought by plaintiff to recover $5,000 which was paid in his behalf at the time of execution of an agreement for the purchase by him of real estate from defendants.　He recovered a verdict in the court below, but judgment was subsequently entered against him non obstante veredicto and he has appealed.

Appellant was not present when the contract of purchase was signed; his father, a lawyer, acted in his behalf and signed the agreement as his agent; an agent likewise signed for defendants.　Both parties recognize the acts of their representative in the transaction as fully binding them.

There were fifty-five properties involved in the purchase, and the gross price was $154,000, $5,000 of which was paid when the contract was signed.　The rest of the consideration was to be liquidated in a way not necessary to be taken into account.　When the time for settlement came, plaintiff refused to comply with his agreement and here seeks the return of the $5,000 which he paid.

By the written contract, plaintiff covenanted that he would purchase the properties in question and pay for them as therein required or forfeit the hand money as liquidated damages.　He now alleges that, although these are the provisions of the writing, he is not bound

by it, because, contemporaneously with its execution and as the inducement moving his agent to sign, it was orally agreed that if for any reason appellant should thereafter be unable to comply (he avers his inability for financial reasons), the undertaking to purchase was not to be carried out, and the $5,000 would be returned to him, that this sum was turned over in sole reliance on the oral promise of defendants' agent, who knew that plaintiff's ability to complete the purchase was conditional upon his accomplishing the sale of other properties then under an article of agreement which was not carried out. It is not alleged or attempted to be proved that the oral agreement was omitted from the writing by fraud, accident or mistake.

Appellant set up, and produced testimony to show, that the clause providing for the forfeiture of the hand money was stricken out of the contract before it was signed, and his copy does show it stricken out in lead pencil. Defendants' copy exhibits the clause intact and unobliterated; their proofs were that it was not stricken from the written instrument, and that there was no oral undertaking by them or in their behalf. So far as the forfeiture clause is concerned, they call attention to the circumstances, that their copy is unchanged, that the striking out of the clause is in lead pencil, that it is unnoted on the agreement, whereas another alteration admittedly made was duly noted, and also to the extreme unlikelihood that plaintiff's father, a lawyer, who made the $5,000 payment from his own funds, would have rested content with the drawing of a lead pencil line through the part of the contract which he says was to be eliminated. We are of one mind, that the evidence submitted would not warrant the conclusion that the forfeiture clause had been stricken out before the paper was signed.

We then have a written contract, by which plaintiff bound himself to purchase the properties and agreed to a forfeiture of the desposit money if he did not. He now

says this instrument is not binding on him because of a contemporaneous oral understanding, not omitted therefrom by fraud, accident or mistake. The effect of the parol agreement would be not to modify, but to nullify the contract. It would be difficult to imagine a case in which a written agreement would be more completely destroyed by an oral one countervailing its terms than that before us. To sustain such a position as that assumed by appellant would be to end the integrity of contracts in writing, and in effect to decide what is set up in parol in contravention of them is superior in probative force to that which the parties penned as their agreement, and solemnly signed.

As we said in Second National Bank of Reading v. Yeager, 268 Pa. 167, 169, "This is not a case of modification by parol. The agreement does more than vary the written instrument, it destroys it"; in Hamilton v. Fleck, 249 Pa. 607, 612: "It established a parol agreement in direct conflict with the terms of the written contract, without any evidence or even any allegation of fraud, accident or mistake"; and in Irvin v. Irvin, 142 Pa. 271, 287: "The two agreements cannot possibly stand together; one or the other must fall. When parties without fraud or mistake have put their engagements in writing, that is not only the best but the sole evidence of their agreement."

The court below properly disposed of the case in entering judgment for defendants.

The judgment is affirmed.