# First National Bank of Pittston *v.* Lawall, Appellant.

*Promissory notes—Affidavit of defense—Averment as to collateral—Parol evidence—Practice, C. P.*

1. In an action on a promissory note by a bank against an endorser, an affidavit of defense is insufficient to prevent judgment which avers that the note had been signed by defendant on a statement made by plaintiff's president that defendant would not incur liability, that his endorsement was only a matter of form, and that the indebtedness represented by the note would be liquidated by sale of collateral at a sum largely in excess of the amount of the note, and that negotiations to this end were already in progress, without any averment of fraud, or that there was a fund in the hands of plaintiff applicable to the payment of the note.

Submitted April 14, 1924. Appeal, No. 54, Jan. T., 1924, by defendant, from order of C. P. Luzerne Co., Dec. T., 1921, No. 567, making absolute rule for judgment for want of a sufficient affidavit of defense, in case of First National Bank of Pittston v. Elner H. Lawall. Before MOSCHZISKER, C. J., FRAZER, WALLING, SIMPSON, KEPHART, SADLER and SCHAFFER, JJ. Affirmed.

Rule for judgment for want of a sufficient affidavit of defense. Before GARMAN, J.

The opinion of the Supreme Court states the facts.

Rule absolute. Defendant appealed.

*Error assigned* was, order, quoting record.

*Wm. Brewster,* and *M. J. Mulhall,* for appellant.

*W. L. Pace* and *H. J. Mahon,* for appellee.

OPINION BY MR. JUSTICE SADLER, May 12, 1924:

One Thomas was the owner of an interest in a coal lease, which he assigned as collateral security to a sav-

ings bank at Pittston. Later, he transferred his remaining equity therein to the plaintiff here, to protect any loans he might have or thereafter make. Within a month, in 1915, he borrowed a considerable sum on four notes, drawn to the order of Lawall, the defendant, and another, both of whom endorsed the same, and guaranteed prompt payment according to the terms of the obligations, and these notes were discounted by the plaintiff. It was to recover on the amount advanced that suit was brought in 1921.

An affidavit of defense, raising a question of law, held insufficient, was followed by a second, directed to the merits of the contention, which in turn was overruled as evasive, and a judgment was entered for the plaintiff. Later, a petition was presented, asking that it be opened, so that a supplementary affidavit could be filed, which application was denied, though execution was stayed until the collateral deposited with the bank could be disposed of, and its value thus determined.

By subsequent proceedings, the plaintiff asked that the limitation be removed, and an order followed permitting a rehearing, both as to the right to file a supplemental affidavit, as well as to consider the application to remove the restriction witholding immediate execution, which ended in a direction, though dissented from by one member of the court below, that the judgment be opened, and leave be granted to set up the new defense. In the meantime, the interest of Thomas in the coal lease was sold at a fair public sale, after frequent efforts to secure a private purchaser, but the proceeds were insufficient to liquidate the indebtedness of the first assignee, and nothing remained to apply to the claims of the plaintiff here.

The second defense rested upon a promise alleged to have been made by the president of the plaintiff bank, acting for and on its behalf, that defendant would not incur any liability,—his endorsement being only a matter of form,—since the indebtedness represented would

be liquidated by the sale of the interest in the coal lease, held as collateral, at a sum largely in excess of the amount of the notes, and that negotiations to this end were already in progress. The appellee insisted these averments were insufficient to prevent judgment, and the rule to show cause why such should not be entered was made absolute. All of the judges, to whom the matter was presented, concurred in this determination, though giving different reasons for the conclusion reached. This appeal followed.

The legal question here involved is the sufficiency of the defense, in view of the contemporaneous parol agreement set up, which is alleged to have been the inducement to the signing of the notes sued upon. For the purpose of this discussion, the averments of the affidavit will be considered as true. It is correctly stated that where, at the execution of the writing, a stipulation has been entered into, a condition annexed, or a promise made by word of mouth, upon the faith of which the writing has been executed, parol evidence is admissible, though it may vary and materially change the terms of the contract: Michigan Mut. Life Ins. Co. v. Williams, 155 Pa. 405. Likewise, if there is an attempt to make a fraudulent use of the instrument, in violation of a promise or agreement made at the time of signing, and without which it would not have been executed, parol evidence is admissible to contradict or vary the terms of the writing: Kerr v. McClure, 266 Pa. 103; Tasin v. Bastress, 268 Pa. 85, 91. And the same principle is applied where the understanding is to pay the obligation from some particular fund in the hands or control of the promisor: Gandy v. Weckerly, 220 Pa. 285, the case relied on now by appellant. It will, however, be noticed that, in the authority last cited, there was set up a promise to pay the note from a fund to be received by the plaintiff, and not an agreement that the maker should be relieved from all responsibility on the obligation, as claimed by the present defendant.

The distinction suggested has been recognized in the decisions of this court. In Second Nat. Bank of Reading v. Yeager, 268 Pa. 167, 169, it was said: "In an action on a promissory note, defense may be made of an oral contemporaneous parol agreement providing for payment of the note from a certain fund, or the raising of such fund for payment by means over which the promisor had control; in such case, the source of payment must be first exhausted before recourse can be had upon the note." It was there held that an affidavit of defense setting up such a parol agreement must likewise aver the existence of resources applicable to the payment of the obligation. This situation is not presented here. The bank had certain collateral, subject to prior claims of others, but any equity which it had therein was divested by a sale for a sum less than sufficient to pay the holders of the first assignment, prior to the filing of the supplemental affidavit.

Defendant admitted his endorsement of the note, and that the bank paid full value therefor. He does not insist there was any fraud, accident or mistake in its execution, that it was improperly used, or a condition annexed, or any fund in the hands of the holder applicable to its payment, but only that he was not to be held liable, since the collateral was believed to be sufficient at the time of signing. The effect of the evidence proposed in substantiation of the defense would not be to vary the written instrument, but nullify and destroy it,—assuming that the facts alleged can be shown,—and this is not permissible: Second Nat. Bank of Reading v. Yeager, supra; Gilmore v. Gilmore, 276 Pa. 333; Evans v. Edelstein, 276 Pa. 516. A case, similar in its facts, where a like determination was made, is found in First Nat. Bank of Greencastle v. Baer, 277 Pa. 184.

We agree with the learned court below that the supplemental affidavit was insufficient, and judgment was therefore properly entered for the plaintiff. The one assignment of error is overruled.

The judgment is affirmed.