## Roberts Electric Supply Company *v.* Kidder, Appellant.

*Practice, C. P.—Affidavit of defense—Amended affidavit of defense.*

An amended affidavit of defense is not a new one; it is merely a change or amplification of the original and is to be considered in connection with it.

Where a rule for judgment for want of a sufficient affidavit of defense is still undecided, an amended affidavit is necessarily for the consideration of the court under the original rule, and no new rule is required to bring it up for action by the court.

Where a supplemental affidavit of defense contradicts the aver-

Syllabus—Opinion of the Court. [89 Pa. Superior Ct.

ments of the original affidavit in matters essential to a valid defense, and no explanation is given to the change in the averments, a defendant's pleadings may be characterized as evasive and contradictory, and judgment may be entered for want of a sufficient affidavit of defense.

Argued October 11, 1926. Appeal No. 67, October T., 1926, by defendant from judgment of Municipal Court, Philadelphia County, November T., 1925, No. 103, in the case of H. C. Roberts Electric Supply Company v. Harry T. Kidder. Before PORTER, P. J., HENDERSON, TREXLER, KELLER, LINN and CUNNINGHAM, JJ. Affirmed.

Assumpsit on promissory note. Before WALSH, J. Rule for judgment for want of a sufficient affidavit of defense.

The facts are stated in the opinion of the Superior Court.

The defendant filed an amended affidavit of defense and several months thereafter judgment was entered against the defendant on the original rule. Defendant appealed.

*Error assigned,* among others, was in entering judgment against the defendant for want of a sufficient affidavit of defense, where no additional rule was taken to show cause why judgment should not be entered for want of sufficiency of the amended affidavit.

*Herman Muller,* for appellant.

*A. W. Horton,* for appellee.

OPINION BY TREXLER, J., December 10, 1926:

The plaintiff filed his statement, the defendant his affidavit of defense. A rule for judgment for want of a sufficient affidavit of defense was entered. By leave of court, the defendant filed a supplementary affidavit

of defense. The court thereafter made the rule for judgment absolute.

The defendant contends that before the court could enter judgment, an amended affidavit having been filed, a new rule should have been entered. To this proposition we cannot assent. An amended affidavit is not a new one. It is merely a change or amplification of the original and is to be considered in connection with it. This court held that the two are to be considered as one affidavit. Penrose v. Caldwell, 29 Pa. Superior Ct., 550; Woodoleum Flooring Co. v. Kayser, 45 Pa. Superior Ct., 372; Donoghue v. O'Kane, 55 Pa. Superior Ct., 11; Elzea v. Brown, 59 Pa. Superior Ct., 403. If this be so, the rule for judgment being still undecided, the amended affidavit necessarily was for the consideration of the court under the original rule and no new rule was required to bring it up for action by the court.

The question remains, does the affidavit of defense, as amended, disclose a meritorious answer to plaintiff's claim? The suit was brought on a promissory note, the execution and delivery thereof not being disputed. The defendant alleges that he came to the plaintiff's place of business and wanted the opportunity of going over the plaintiff's books to ascertain definitely what amount was due, that a dispute arose between the credit manager and the defendant, that he was threatened with proceedings in bankruptcy if he did not give the note and that it was agreed that the note was to be given and to be held by the plaintiff until the actual balance was ascertained and then to be returned to the defendant. No fraud is alleged. We note that the authority of the sales manager to make such an agreement is not asserted. Furthermore that the defendant fails to aver that the contemporary promise was the inducement for giving the note (Appleby v. Barrett, 28 Pa. Superior Ct., 349) and that

such contemporaneous parol agreement is not admissible for its effect is to destroy the instrument itself. First Nat'l. Bank of Greencastle v. Baer, 277 Pa. 184; First Nat'l. Bank of Pittston v. Lawall, 280 Pa. 407; First Nat'l. Bank of Hooversville v. Sagerson, 283 Pa., 406.

In addition to these defects, we find the supplementary affidavit without any attempt to explain the inconsistency (Elzea v. Brown, supra.) gives contradictory statements of the same occurrence. The original states that the credits to which the defendant was entitled should be credited on the note. The supplemental states that the note was to be returned to the defendant when the correct amount of the balance was ascertained. In the original, the defendant states he paid $89.16 in full for plaintiff's claim, in the supplemental, that such payment was made on account of the claim. There are several other inconsistent statements to which we need not refer.

In view of these variations without any explanations, we may characterize the defendant's pleadings as evasive and contradictory. Elzea v. Brown, supra. There is one allegation that defendant was threatened by proceedings in bankruptcy unless he gave the note. This was merely an assertion of a legal right. 13 C. J. 399 P. 314.

After full consideration of both the original and amended affidavits, we conclude that the judgment for want of a sufficient affidavit of defense was properly entered. The judgment is affirmed.