## Pierce v. Pierce.

R. A. Freiler and M. J. Ryan, for plaintiff.

R. P. Swank, M. M. Burke and James A. Noecker (now deceased), for defendant.

Houck, J., Feb. 11, 1929.—This case is now before the court in banc on exceptions by both the plaintiff and defendant to the action of the chancellor. The plaintiff and defendant were married Dec. 16, 1912. On July 5, 1921, certain real estate in Mahanoy City, Schuylkill County, was purchased for the sum of $23,000 and title was taken in the joint names of plaintiff and defendant as husband and wife. On April 14, 1924, on the defendant's libel alleging adultery, plaintiff and defendant were legally divorced from the bonds of matrimony. On June 4, 1925, plaintiff applied to the Clerk of the Orphans' Court of Venango County for a license to marry Hazelle Fulton Cron, and in the application stated, under oath, that he had never married. After the divorce the defendant collected all the rents and profits derived from the real estate and appropriated them to her own use. The plaintiff's bill prayed that the defendant be directed to file an account of all rents and profits received by her since April 14, 1924; that defendant be directed to pay over to plaintiff one-half of all rents and profits so received; and that partition and division of the real estate be made in accordance with the act of assembly. The

defendant contended that she paid the entire consideration money for the real estate and that she was induced by the plaintiff to place the title to the real estate in the names of plaintiff and defendant by a parol agreement made with her by the plaintiff that in the event of his proving unfaithful to his marriage vows, he would not make any claim at any time for any portion of, or any interest in, the real estate and would reconvey all his right, title and interest in said property to defendant. On these averments the defendant prayed, *inter alia*, that the plaintiff be directed and required to execute and deliver to her a good and sufficient deed conveying any and all right, title, interest, property, claim and demand of said plaintiff in said real estate. The chancellor dismissed the bill at the costs of the plaintiff.

The plaintiff filed exceptions to the chancellor's 5th, 7th, 14th, 15th, 16th and 17th findings of fact; to the chancellor's refusal to find plaintiff's 4th, 11th and 13th requests for findings of fact; to the chancellor's 2nd, 3rd, 4th, 5th and 6th conclusions of law; to the chancellor's failure to answer substantially the plaintiff's 2nd, 3rd, 4th, 5th, 6th, 7th and 8th requests for conclusions of law; and to the decree *nisi*.

The defendant filed exceptions to the failure of the chancellor to answer substantially defendant's 5th and 6th requests for conclusions of law; to the decree *nisi;* and to the chancellor's refusal to sustain defendant's request for relief by directing the plaintiff to execute and deliver a deed for plaintiff's interest in the real estate to the defendant.

The chancellor's findings of fact excepted to by the plaintiff are to the effect that the defendant paid in full the consideration money involved in the purchase of the real estate; that the plaintiff at the time and shortly before the purchase of the property agreed with the defendant by parol that he would not make any claim for any interest in the property and would reconvey all his interest to defendant in the event of his proving unfaithful to his marriage vows; that this promise was an inducing cause in placing the title of the property in the names of plaintiff and defendant; that plaintiff was not present at the time of the payment of the consideration money and the delivery of the deed; that he did violate his parol agreement respecting his fidelity to his wife; and that he did state, under oath, in an application for a marriage license on June 4, 1925, that he had "never married," this answer appearing in the application in the space requiring him to give the date of death of his former wife and also in the space after "date of divorce and cause." All of these findings of fact are fully supported by the evidence in the case. Therefore, the plaintiff's 1st, 2nd, 3rd, 4th, 5th and 6th exceptions are dismissed.

The plaintiff's 7th exception complains of the refusal of the chancellor to find plaintiff's 4th request for finding of fact, as follows: "4. That on July 5, 1921, plaintiff and defendant purchased the premises described in the bill for the sum of Twenty-three thousand ($23,000.00) dollars, taking title thereto in their joint names as husband and wife." The chancellor found that the consideration money was paid by the defendant; that the title was taken in both names; and that plaintiff and defendant took title by entirety. These findings are proper and state the real situation correctly. The plaintiff's request is misleading, and we refuse to find the facts alleged. This exception is dismissed.

The plaintiff's 8th exception is to the chancellor's refusal to find plaintiff's 11th request for finding of fact as follows: "11. That to purchase said premises, plaintiff and defendant, *inter alia*, borrowed Five Thousand ($5000.00) Dollars from Mrs. M. Seivert and Eight Thousand Five Hundred and Fifty

($8550.00) Dollars from Mrs. Christiana Knoblauch, giving their joint judgment notes therefor." The evidence shows that of the consideration money paid for the real estate by the defendant, $5000 was lent to the defendant by her aunt, Mrs. M. Seivert, and $8550 was lent to the defendant by her mother, Mrs. Christiana Knoblauch. All of this money was deposited in the joint account of plaintiff and defendant, and the purchase price of the premises was paid by check out of the joint bank account. The chancellor has found this as a fact, and we refuse to find the plaintiff's 11th request, since it does not correctly state the facts. The 8th exception is dismissed.

The plaintiff's 13th request for findings of fact reads: "13. That the purchase price of said premises was contributed jointly by plaintiff and defendant." This request is refused because the entire consideration money, as found by the chancellor, was paid by the defendant. The plaintiff's 9th exception is dismissed.

The plaintiff's remaining exceptions, which are directed against the chancellor's conclusions of law and his failure to answer substantially plaintiff's requests for conclusions of law and against the decree *nisi*, together with the defendant's exceptions, all raise questions of law which in the final analysis are determinative of the issue here involved.

The chancellor has found as a fact, and also has concluded as matter of law, that plaintiff and defendant took title to the real estate as tenants by entireties. This finding and conclusion is not excepted to by either party. Having become tenants by entireties, it is immaterial, except as bearing on the other features of the case, how the consideration money was paid. The character of the tenancy became fixed at the inception of the title, and it can scarcely be contended that the defendant did not intend to make her husband a joint holder of the property. Depositing the money in the joint account of plaintiff and defendant constituted a gift from the defendant to her husband: Blick *v.* Cockins, 252 Pa. 56; Gassner *v.* Gassner, 280 Pa. 313. It is quite apparent that this was the real intention of the parties at the time the transaction took place. The parties being tenants by entireties, the plaintiff contends (O'Malley *v.* O'Malley, 272 Pa. 528; Gasner *v.* Pierce et al., 286 Pa. 529) that the tenancy was not affected by the divorce (with which we agree), and that both parties are entitled to the rents and profits equally, and, further, that, under the Act of May 13, 1925, P. L. 649, the plaintiff is entitled to a partition and division of the proceeds of the sale of the real estate. The Act of 1925 cannot apply to estates created prior to its passage. If construed retroactively, it would be unconstitutional: Hetzel *v.* Lincoln, 216 Pa. 60; Cairns *v.* Spencer et al., 87 Pa. Superior Ct. 126, 128; Ebersole *v.* Goodman, 7 D. & C. 605; Clements *v.* Kandler, 9 D. & C. 310. Therefore, the Act of 1925 has no application in this case and the plaintiff is not entitled to a partition.

On the question of a division of the rents and profits, the theory of the plaintiff is that the division follows as a necessary incident to the tenancy by entireties and that evidence of a parol agreement made before and at the time of the execution of the deed, which agreement would virtually destroy the tenancy created, is immaterial and irrelevant. Hence, the plaintiff would have the court disregard the evidence of the parol agreement, and, as a natural consequence of the tenancy created, decree a division of the rents and profits. The theory of the defendant is that evidence of a parol agreement is admissible even though its effect is to destroy the tenancy created, and that, as a natural consequence of the chancellor's finding that the agreement was in fact made and broken, the court should refuse to divide the rents and profits and should decree a reconveyance of plaintiff's claim and interest in the real

estate to defendant. The chancellor rejected both theories. He declined to aid the plaintiff by decreeing a division of the rents and profits, and he also declined to decree a reconveyance by plaintiff to defendant. We are convinced that the chancellor's disposition of the case is correct.

Parol evidence, the effect of which is to alter or modify a writing, may be, under some circumstances, admissible. Such evidence, however, is not admissible if its purpose is to show that the writing was a mere nullity or where its effect would be, not to vary the written instrument but to nullify and destroy it: Second National Bank of Reading v. Yeager, 268 Pa. 167; Evans v. Edelstein et al., 276 Pa. 516; First National Bank of Hooversville v. Sagerson et al., 283 Pa. 406. If the authorities stopped with this doctrine, the force of the plaintiff's contention would be apparent. But there is another principle which we believe is applicable here. Where the writing is induced upon a promise given at the time and honestly intended to be kept, so that there was no fraud at the inception, the broken promise may be set up as a defense because the person attempting to use the writing in violation of his promise, without which the writing would not have been given, is guilty of a fraud: Gandy v. Weckerly, 220 Pa. 285. In that case, the Supreme Court said (page 291): "The error into which the Common Pleas and Superior Court fell was in failing to distinguish the defense of this appellant on a broken promise which induced him to sign the obligation, and without which he would not have signed it, from that of an attempt to impeach a written instrument by showing a parol contemporaneous agreement varying and contradicting it, without allegation or proof of the omission of such parol agreement from the written one by fraud, accident or mistake. That the defense here made, if supported by proper proof, must prevail is not to be regarded as an open question." To pave the way for such oral testimony it is not necessary to prove a party was actuated by fraudulent intent at the time of the execution of the writing. Although his original object may have been perfectly honest, if to procure an unfair advantage to himself he subsequently denies the parol qualification of the written contract, it is such fraud as will permit the reception of the evidence: Potter v. Grimm, 248 Pa. 440, 446. See, also, Croyle v. Cambria Land and Improvement Co., 233 Pa. 310; Excelsior Saving Fund and Loan Ass'n v. Fox, 253 Pa. 257; First National Bank of Pittston v. Lawall, 280 Pa. 407; Martz v. W. H. Wilcox Co., 57 Pa. Superior Ct. 169. Evidence of this character is admissible even where the writing in question is a deed: Perkiomen R. R. Co. v. Bromer, 217 Pa. 263.

In our opinion, evidence of the parol agreement between plaintiff and defendant, which induced defendant to have the title to the real estate placed in the names of plaintiff and defendant, was admissible, not for the purpose of reforming the deed but as a defense to the plaintiff's claim for a division of the rents and profits. The chancellor has found, on competent evidence, that the parol agreement was an inducing cause in placing the title of the property in both names and that the defendant broke the parol agreement. Therefore, the defendant had a valid defense to plaintiff's claim.

In O'Malley v. O'Malley, supra, an action in assumpsit between divorced parties for an accounting of the rents of a property which they held as tenants by entireties, the court said (page 534): "If a fund consisting of the rents of such a property was before a court for distribution . . . and no other equity intervened, the court would unhesitatingly divide the net rents between the former husband and wife in equal shares." Other equities have intervened in the case at bar. In view of plaintiff's oral agreement and his subsequent breach of that agreement, it would be manifestly inequitable to

permit him to reap any benefit from the deed, which his promise induced, after he broke his promise. Such use of the deed would be a fraud. In addition to this, plaintiff does not come into court with clean hands. The maxim of clean hands should not be applied where an inequitable result would be reached, and is to be applied where the wrongdoing is in reference to the matter in dispute: Comstock *v.* Thompson, 286 Pa. 457. If the party has violated good conscience, good faith and fair dealing, he is not entitled to equitable relief: Schaeffer *v.* Jones et al., 293 Pa. 529. The evidence in this case shows that plaintiff agreed not to make any claim for any interest in the property if he was unfaithful to his marriage vows; that he proved unfaithful, and that a divorce was granted the defendant. It seems to us clear that plaintiff violated good faith and fair dealing in reference to the matter here in dispute, and his own conduct defeats his right to equitable relief.

The chancellor having determined that the plaintiff is not entitled to equitable relief, the defendant contends that equity should complete the circle and decree a reconveyance from plaintiff to defendant. The contention is that plaintiff is a trustee *ex maleficio.* We have already pointed out that the evidence relative to the parol agreement was admissible to establish a defense to the plaintiff's claim, but not to nullify and destroy the deed. "It will be observed that the evidence was not offered for the purpose of reforming the contract between the parties. Had it been, it must have been rejected as wholly insufficient for the purpose. Admittedly, both parties knew exactly what the deed of release contained, and all that it contained, before it was signed and sealed. This left no possible ground for reformation:" Croyle *v.* Cambria Land and Improvement Co., 233 Pa. 310, 314. In order to make one a trustee *ex maleficio,* there must be fraud at the inception of the title. Fraud subsequently committed will not create a trust: McCloskey *v.* McCloskey, 205 Pa. 491; Seif *v.* Muse, 70 Pa. Superior Ct. 487. "True, trusts *ex maleficio* arise by implication or construction of law and are excepted out of the operation of the statute; but no rule is better established than that a trust *ex maleficio* can arise only at the inception of the title, from fraud when practiced in obtaining it:" Turney *v.* McKown, 242 Pa. 565. The only fraud attempted to be shown in this case is plaintiff's breach of his parol agreement which occurred long after the inception of the title, and it is also contended that plaintiff is attempting to make fraudulent use of the deed which was induced by his promise, which he subsequently broke. Fraud of this character is not sufficient on which to base a decree for reconveyance by plaintiff to defendant. "Despite what was said in early Pennsylvania cases, it has been stated, and we now repeat, that a breach of faith or of an agreement regarding the doing or refraining from doing something in the future is not fraud, as that word is employed in the phrase 'fraud, accident or mistake:' " First National Bank of Hooversville *v.* Sagerson et al., 283 Pa. 406, 411. See, also, Modern Baking Co. *v.* Orringer et al., 271 Pa. 152, and Fidelity Title and Trust Co. *v.* Garland et al., 291 Pa. 297. It follows that the chancellor did not err in refusing to decree a conveyance of plaintiff's claim and interest in the real estate to defendant.

We conclude from the foregoing that the decree *nisi* is correct. All of the exceptions, plaintiff's and defendant's, are without merit, and, hence, are dismissed.

### Final decree.

And now, Feb. 11, 1929, upon due consideration, it is finally ordered, adjudged and decreed that the plaintiff's bill be dismissed and that the costs be paid by the plaintiff.