## Breslin v. Mooney et al., Appellants.

Argued April 11, 1932. Before FRAZER, C. J., SIMPSON, KEPHART, SCHAFFER, MAXEY, DREW and LINN, JJ.

*M. S. DePierro,* with him *Conrad A. Falvello,* for appellants.—In the instant case, a jury should be permitted to find and determine the question of fraud or

bad faith on the part of the holder from all the facts and circumstances attending the purchase of the judgment by him: Kaier v. O'Brien, 202 Pa. 153.

One who takes a bill or a note after it is due, takes it subject to all objections in respect to want of consideration, illegality, and all other objections and equities affecting the instrument itself and to which it was liable in the hands of the person from whom he takes it: Wilson v. Bank, 45 Pa. 488, 494; Liebig Mfg. Co. v. Hill, 9 Pa. Superior Ct. 469; Thompson's Case, 284 Fed. 65.

*Adrian H. Jones,* for appellee.—Where all preliminary negotiations, conversations and verbal agreements are merged in and superseded by the subsequent written contract, and unless fraud, accident or mistake be averred, the writing constitutes the agreement between the parties, and its terms cannot be added to nor subtracted from by parol evidence: Gianni v. Russell & Co., Inc., 281 Pa. 320; Hooversville Bank v. Sagerson, 283 Pa. 406; Evans v. Edelstein, 276 Pa. 516; Second Nat. Bank v. Yeager, 268 Pa. 167.

This agreement does more than vary the written instrument, it destroys it: Clarke v. Allen, 132 Pa. 40, 42; Irvin v. Irvin, 142 Pa. 271, 286; Zeigler v. McFarland, 147 Pa. 607, 610; Plunkett v. Roehm, 12 Pa. Superior Ct. 83, 86; Butler v. Keller, 19 Pa. Superior Ct. 472: First Nat. Bank v. Baer, 277 Pa. 184; Evans v. Edelstein, 276 Pa. 516; Second Nat. Bank v. Yeager, 268 Pa. 167.

Whether defendants who signed the note without receiving any value themselves, but for the purpose of lending their name to the silk company, are liable on the note to the assignee of the payee bank, where the bank loaned the money to the silk company, and the assignee paid value for the note, does not affect this plaintiff: Diffenbacher's Est., 31 Pa. Superior Ct. 35; Chambers v. McLean, 24 Pa. Superior Ct. 567; Peale v. Addicks, 174 Pa. 543.

OPINION BY MR. JUSTICE SCHAFFER, May 9, 1932:

This appeal by the defendants from the refusal of the court below to open a judgment against them is without merit.

The two appellants were, with four others, directors of a corporation. To aid in its financing, they endorsed a note to the Berwick National Bank for a loan of $10,000 made by the bank. Subsequently, when this obligation matured, they executed a new note to the bank as makers in the amount of $10,504. This renewal contained a confession of judgment in pursuance of which the bank caused judgment to be entered. Thereafter it assigned the judgment to the plaintiff, John F. Breslin. When he attempted to collect the judgment from appellants, they instituted this proceeding to open it, alleging that when they executed the first note, and contemporaneously therewith, there had been an agreement entered into with other persons, also interested in the corporation (not with the bank) that they, the defendants, and the other directors, one of whom was the father of plaintiff, would not be called upon to pay it, and that the plaintiff knew of this arrangement and is by reason thereof precluded from collecting the judgment. That two-thirds of the amount due has already been paid seems to have been admitted by plaintiff, and the lower court in its opinion so stated.

It is not claimed that the agreement was made with the bank, but with a third person, Edward Bosak. Just how this could affect the bank or its assignee, even if the latter did know of it, passes comprehension. By the assignment the plaintiff acquired all the rights of the bank and as to it the so-called agreement amounted to nothing. Furthermore, the testimony of the defendants fails to make out an agreement. All that their testimony amounts to is that because of what Bosak said they did not expect to pay the note or understood it would be taken care of by the corporation, that they were so led to believe. This could not defeat recovery on it. Even

had there been such an agreement as they contend for, that although they had signed the note, they were not to be liable for its payment, this would not avail them under the law as laid down by us in First Natl. Bank of Hooversville v. Sagerson, 283 Pa. 406; Evans v. Edelstein, 276 Pa. 516; Second Natl. Bank of Reading v. Yeager, 268 Pa. 167, and other cases which have followed in their wake, the last of which is Myers v. Gibson, 304 Pa. 249.

So far as the amount paid on account of the note is concerned, this was taken care of by the court below in its order which opened the judgment as to all in excess of $3,501.20, which is the remaining one-third of the indebtedness yet undischarged.

The decree is affirmed at appellants' cost.