**AMERICAN NATIONAL BANK OF FORT LAUDERDALE, a national banking association, Plaintiff,**

v.

**The KNAB CO., Inc., a Wisconsin corporation, and Edward A. Knab, James V. Knab, and Daniel C. Knab, Defendants.**

Civ. A. No. 57–C–203.

United States District Court
E. D. Wisconsin.

Feb. 5, 1958.

Lyman A. Precourt and Fairchild, Foley & Sammond, Milwaukee, Wis., for plaintiff.

Charlton, Yanisch, Binzak & Ritchay, Milwaukee, Wis., for defendants.

GRUBB, District Judge.

This case is before the court on plaintiff's motion for summary judgment pursuant to Rule 56 of the Federal Rules of Civil Procedure, 28 U.S.C.A. on the ground that there is no genuine issue as to any material fact and that the affirmative defenses asserted by defendants are insufficient as a matter of law.

The action is for recovery of monies due the plaintiff from the defendants in accordance with the terms of a certain promissory note dated February 4, 1957, executed by the defendant The Knab Co., Inc., hereinafter referred to as the defendant company, as maker, and by the defendants Edward A. Knab, James V. Knab and Daniel C. Knab, as indorsers. The American National Bank of Fort

Lauderdale, hereinafter referred to as plaintiff bank, is the payee and owner and holder of this note, which is in the principal amount of $45,000 and which amount was paid by plaintiff bank to the defendant company.

The promissory note in question was made, executed and delivered by the defendants in the State of Florida and was payable at the offices of the plaintiff bank in Fort Lauderdale, Florida.

The defendants allege that the incidents leading up to the execution of the note were as follows: In April and May, 1956 the defendant company was employed as a subcontractor by Barnes-Richardson Construction Company, hereinafter referred to as Barnes-Richardson, to do certain construction work within the State of Florida. Thereafter the defendant company did furnish labor and materials pursuant to their agreement with Barnes-Richardson. Prior to the execution of the note in question, the defendant company made demand on Barnes-Richardson in the amount of $45,000 in accordance with their contract, but Barnes-Richardson represented it was unable to meet such demand. Subsequently, Barnes-Richardson related to defendant company that it was unable to obtain loans from the plaintiff bank because E. J. Richardson, an officer of Barnes-Richardson, was also an officer of plaintiff bank, but that the bank would be able to extend a loan to Barnes-Richardson indirectly through the defendant company. Thus, in order for Barnes-Richardson to pay its debt to the defendant company, the defendant company, Barnes-Richardson and plaintiff bank arranged for defendants to execute the note in question, but upon the contemporaneous oral agreement that the plaintiff bank was to look only to Barnes-Richardson for payment.

The individual defendants signed the note as indorsers. It is alleged by the individual defendants that they signed as indorsers only on the agreement between plaintiff bank, Barnes-Richardson, and the defendant company that the note would be paid directly or indirectly by Barnes-Richardson, and that such endorsement was for record purposes only.

Plaintiff bank contends that even if these allegations be taken as true for the purposes of this motion, they are insufficient as a defense.

Defendants assert basically three defenses:

1. That delivery of the note was conditioned on payment of certain sums from Barnes-Richardson to the defendant company, more specifically, Barnes-Richardson's payment to defendant company of the amount due on the note.

2. That defendant company was an accommodation maker, and that defendants Edward A. Knab, James V. Knab and Daniel C. Knab were accommodation indorsers.

3. The individual defendants contend that having the note in the possession of the plaintiff bank, at its office on the date of payment for payment is not sufficient presentment as to indorsers.

The first defense goes to the question of whether the defendants shall be allowed to show a parol agreement made prior to or contemporaneous with the execution of the note, to contradict the terms of a note which is unambiguous on its face.

The general rule is that the maker of the note for which there was consideration, will not be permitted to contradict or vary his written contract by showing a parol agreement that he was not to be liable upon the note. Bacon v. Green, 1895, 36 Fla. 325, 18 So. 870; Strickland v. Jewell, 1920, 80 Fla. 221, 85 So. 670; Forbes v. Ft. Lauderdale Mercantile Co., 1922, 83 Fla. 66, 90 So. 821; Anderson v. Ax, 1932, 104 Fla. 294, 139 So. 798; Fannin v. Fritter, 1937, 127 Fla. 97, 172 So. 691.

Counsel for the defendants urges this case comes within the exception to the parol evidence rule provided by section 674.18, Fla.Stat.Ann., which reads as follows:

"Every contract on a negotiable instrument is incomplete and revocable until delivery of the instrument

for the purpose of giving effect thereto. As between immediate parties, and as regards a remote party other than a holder in due course, the delivery in order to be effectual must be made either by or under the authority of the party making, drawing, accepting or indorsing, as the case may be; and in such case the delivery may be shown to have been conditional, or for a special purpose only, and not for the purpose of transferring the property in the instrument. But where the instrument is in the hands of a holder in due course, a valid delivery thereof by all parties prior to him so as to make them liable to him is conclusively presumed. And where the instrument is no longer in the possession of a party whose signature appears thereon, a valid and intentional delivery by him is presumed until the contrary is proved."

■ It follows that parol evidence of a contemporaneous agreement would be admissible where the agreement was not to limit the legal effect of the terms of the note, but to limit the character of its delivery prior to its becoming a completed note. This rule applies to agreements in which the note does not become effective until after the happening of a condition precedent.

In attempting to bring this case within such application, defendants cite Cockrell v. Taylor, 1936, 122 Fla. 798, 165 So. 887, 105 A.L.R. 1338, for the proposition that a defendant maker may show by parol evidence that the plaintiff payee was to look for payment of the note in question only out of funds to be paid the maker by a third party.

However, counsel overlooked the controlling facts of the Cockrell case that no consideration passed contemporaneous with the execution of the note in question. The promissory note there involved represented the commission payee would receive if and when the buyer of defendant's property made deferred payments for the land sold. Thus, Florida's high court held the note was conditional upon the payment for said real estate.

In the case now before the court the plaintiff bank paid the sum of $45,000 as consideration for the execution and delivery of the note in question. Consideration having passed contemporaneous with the execution of the note, the instrument was a completed note with legal effect. Defendants' contention that there was a condition of delivery is not sustained. The alleged condition related to payment, not to delivery.

■ The use of the phrase "and not for the purpose of transferring the property in the instrument", (Section 674.18, Fla.Stat.Ann.) clearly means the right to set up by parol conditions; parol conditions as to delivery, not parol conditions to vary the terms of the written instrument. Here the alleged parol agreement had nothing to do with the transferring of the property of the note but is alleged to have related solely to the time and source of payment, contrary to the terms of the document itself.

Having failed to bring this case within the exception provided by Section 674.18, defendants are precluded from attempting to vary the unambiguous terms of the written instrument by parol evidence.

■■ Defendants assert as a second defense that the defendant company executed the note in question as accommodation maker, and that the individual defendants indorsed the note as accommodation indorsers.

Section 674.32, Fla.Stat.Ann. provides as follows:

"An accommodation party is one who has signed the instrument as maker, drawer, acceptor or indorser, without receiving value therefor, and for the purpose of lending his name to some other person. Such a person is liable on the instrument to a holder for value, notwithstanding such holder at the time of taking the instrument knew him to be only an accommodation party."

However, whether or not any of the defendants are accommodation makers or indorsers is immaterial, as an accommodating party is liable on the instrument to a holder for value, notwithstanding such holder at the time of taking the instrument knew him to be only an accommodating party. Rapp v. Demmerle, Fla. 1952, 61 So.2d 481; Fannin v. Fritter, supra.

In applying section 674.32, Fla.Stat. Ann., the Florida court held that even though deemed an accommodation party the defendant was liable to the payee who was a holder for value. Rapp v. Demmerle, supra.

Plaintiff is a holder for value, and as such, defendants' claimed status as accommodating parties would not alter plaintiff's right to recover.

With reference to the alleged defense of lack of presentment to the indorsers, section 674.75, Fla.Stat.Ann. provides:

> "Presentment for payment, to be sufficient, must be made: * * * (3) At a proper place as herein defined. * * *"

Section 674.76, Fla.Stat.Ann. provides:

> "Presentment for payment is made at the proper place: (1) Where a place of payment is specified in the instrument and it is there presented; * * *."

Where a note is payable at a bank, sufficient presentment to an indorser occurs if the instrument is actually in the bank at maturity ready to be delivered to any person who is entitled to it on payment. Farmers' and Merchants' Bank of Sun Prairie v. Gordon, 1929, 200 Wis. 5, 227 N.W. 234. This Wisconsin case was decided under Wisconsin Statutes, W.S.A. 116.01 et seq. identical with the Florida law.

Defendants' counsel was invited to submit any authority he had for his contention contrary to the above. Nothing has been submitted, nor has the court found any such authority.

Plaintiff bank having pleaded facts sufficient to entitle it to relief, and defendants having failed to raise any material issue of fact or any affirmative defense sufficient in law, plaintiff bank's motion for summary judgment is hereby granted.

This leaves for determination the matter of attorney fees, the note and indorsement providing for attorney fees. Plaintiff's counsel may bring that matter on for hearing and when it is determined, judgment may be entered as demanded in the complaint.