**COMMERCE NATIONAL BANK IN LAKE WORTH**

v.

**Stanley M. BARON.**

**Civ. A. No. 70-2706.**

United States District Court,
E. D. Pennsylvania.

Dec. 22, 1971.

Kenneth J. Levin, Ballard, Spahr, Andrews & Ingersoll, Philadelphia, Pa., for plaintiff.

Robert L. Franklin, Cantor & Franklin, Philadelphia, Pa., for defendant.

## MEMORANDUM AND ORDER

JOHN W. LORD, Jr., Chief Judge.

Plaintiff, Commerce National Bank in Lake Worth, Florida, has instituted this action to collect the amounts due on two overdue notes from defendant, Stanley M. Baron. The plaintiff has moved for a judgment on the pleadings pursuant to Rule 12(c), Fed.R.Civ.P.

■■ In considering a motion under Rule 12(c), this Court is required to view the pleadings in the light most favorable to the non-moving party, the defendant, and judgment on the pleadings may be granted only if, on the facts so admitted, the moving party, the plaintiff, is clearly entitled to judgment. Dyson v. General Motors Corporation, 298 F.Supp. 1064, 1065–1066 (E.D.Pa. 1969); 2A J. Moore, Federal Practice ¶12.15, at p. 2343–2344 (2nd ed. 1968). For the purposes of the motion, "all the allegations of the [defendant's] answer which are well pleaded are taken as true and all averments by the plaintiff which are denied by the defendant are taken as false." M. L. Lee & Co. v. American Cardboard & Packaging Corporation, 36 F.R.D. 27, 29 (E.D.Pa.1964); 2A J. Moore, *supra*, ¶12.15, at p. 2343. The undisputed facts are as follows:

On October 18, 1968, defendant executed and delivered to the plaintiff his promissory note (No. 3275) in the amount of $188,000, due April 18, 1969, listing several marketable securities as collateral. Payments were made on this note which reduced the obligation to $90,000. On April 18, 1969, defendant executed and delivered to plaintiff a renewal note (No. 4003) in the amount of $90,000, due July 17, 1969, listing 10,000 shares of stock in Educational Computer Corporation, as collateral. These shares were the property of Doris Baron, the defendant's wife. Interest on the renewal note was paid through June 1, 1970, but no payment was made on the principal.

On November 6, 1968, defendant executed and delivered to plaintiff a second promissory note (No. 3343) in the amount of $100,000, due February 4, 1969, listing as collateral the 10,000 shares of stock in Educational Computer Corporation. Payments had been made on the interest accrued but no payment was made on the principal. On February 4, 1969, defendant executed and de-

livered to plaintiff a renewal note (No. 3738) in the amount of $100,000, due June 4, 1969, listing as collateral the same 10,000 shares of stock in Educational Computer Corporation, owned by his wife. Interest on the renewal note was paid through June 1, 1970 and payments on account of the principal have reduced this obligation to $83,755.31.

Both renewal notes are now long overdue. The plaintiff has instituted this action to recover the sums owed to it under both renewal notes, namely $90,000 and $83,755.31. In addition, plaintiff seeks interest unpaid under the notes, plus the costs and expenses, including reasonable attorney's fees, incurred in connection with this litigation, as provided in the notes.

Throughout this litigation, the defendant has submitted to this Court a myriad of constantly changing defenses. These have included that he is not liable on the notes due to an oral agreement between the parties, that he is liable under the notes but only after plaintiff first proceeds against one R. H. Bailey, whom the defendant alleges was the recipient of the proceeds, that he signed the notes as an accommodation to Bailey, that he signed the notes as an accommodation to the plaintiff, that he signed the notes but is relieved of any liability on account of a fraud perpetrated by the plaintiff, and finally, that he signed the notes but is discharged of any liability on account of the plaintiff's having released the collateral it held.

It appears to this Court that the defendant has created a smokescreen, which, when penetrated reveals an attempt to evade responsibility from a debt he voluntarily assumed. Nevertheless, we shall now dispose of the legal defenses which defendant has finally decided to pursue. These defenses are (1) that defendant was an accommodation party for R. H. Bailey and the plaintiff must exhaust its remedies against Bailey as a condition precedent to its pro-

ceeding against him, and (2) that the release of collateral security held by the plaintiff operated as a discharge of defendant's obligation under the notes. We shall now discuss each of the defendant's contentions.

■ This action is governed by the Uniform Commercial Code, which was in force in Pennsylvania and Florida at the time these transactions were executed and remains so today.[1] The U.C.C. defines an accommodation party as "one *who signs the instrument in any capacity for the purpose of lending his name to another party to it.*" 12A P.S. § 3–415(1); 19B Fla.Stat.Ann. § 673.3–415(1) (emphasis supplied). Bailey was not a party to these notes. Therefore, defendant cannot claim the status of being an accommodation party to him. Bank of America National Trust and Savings Association v. Superior Court of San Diego County, 4 Cal. App.3d 435, 439, 84 Cal.Rptr. 421, 423 (1970) (interpreting California's Commercial Code § 3415(1), which is identical to that of Pennsylvania and Florida).

■ The defense that plaintiff had to exhaust its remedies against Bailey as a condition precedent to its proceeding against the defendant is but another attempt to clothe the defendant with the status of an accommodation party. Nevertheless, even if defendant were an accommodation party, the legal effect would not be altered. The plaintiff would still not be required to proceed against Bailey or any other person before instituting any action against defendant. The defendant would be an accommodation maker and "[a]n accommodation maker or acceptor is bound on the instrument without any resort to his principal, . . ." 12A P.S. § 3–415, Official Comment 1; 19B Fla.Stat. Ann. § 673.3–415, Official Comment 1.

■ Defendant further attempts to evade liability by alleging that the parties entered into an agreement whereby

---

1. The U.C.C. was adopted in Pennsylvania by Act No. 1 of the 140th General Assembly, approved April 6, 1953, effective July 1, 1954, and in Florida by Laws 1965, c. 65–254, effective January 1, 1967.

**1128**

the defendant would not be liable until the Bank had first proceeded against Bailey. A similar contention was pursued and rejected in American National Bank v. Knab Co., 158 F.Supp. 695 (E.D.Wis.1958) (applying Florida law). It is clear that under both Florida and Pennsylvania law a maker of a note for which there was consideration will not be permitted to vary or contradict its terms by showing a prior or contemporaneous oral agreement that he was not to be bound. *Id.* at 697 (citations omitted); First National Bank of Hooversville v. Sagerson, 283 Pa. 406, 129 A. 333 (1925); Evans v. Edelstein, 276 Pa. 516, 120 A. 473 (1923); Sokoloff v. Strick, 404 Pa. 343, 172 A.2d 302 (1961). To permit the defendant to pursue this defense would render totally meaningless the effect of the written instrument. The parol evidence rule prohibits this very thing.

Defendant's final contention is that he is relieved of any liability under the note by reason of the plaintiff's release of collateral held by it. Under the U.C.C. "an accommodation party is always a surety (which includes a guarantor). . . . He differs from other sureties only in that his liability is on the instrument and he is a surety for another party to it." 12A P.S. § 3–415, Official Comment 1; 19B Fla.Stat.Ann. § 673.3–415, Official Comment 1. This defense is available to an accommodation party on the theory that when collateral of the accommodated party is released, the right of recourse by the accommodation party against the accommodated party is prejudiced. However, defendant is precluded from relying on this defense. We have already concluded that Bailey was not a party to the instrument and defendant is not an accommodation party.

Nevertheless, defendant's reliance on this defense is misplaced for one other reason. The only collateral held to secure payment of the two renewal notes was the 10,000 shares of stock in Educational Computer Corporation. As already noted, these shares are the property of Mrs. Baron, not Mr. Bailey, the party defendant alleges he accommodated. Such collateral would not give the defendant any protection if he had any right of recourse against Bailey, nor would release of it have any prejudicial effect.

For the foregoing reasons, each of the defenses pursued by the defendant is rejected. We believe the facts are clear. The plaintiff furnished consideration in return for defendant's unconditional written promise to pay the sums stated in the notes, and that based on these facts the plaintiff is entitled to judgment on the pleadings.

This leaves for determination the question of accrued interest and expenses, including reasonable attorney's fees in connection with this litigation. Plaintiff may submit briefs on this matter and if necessary, a hearing will be held at an appropriate time in the future, and when it is determined, judgment may then be entered as demanded in the complaint.